# Respublica *against* Benjamin Davis.

In a suit against a surety on a recognizance for the good behaviour, the confession of the principal that he had published certain libels may be given in evidence.— *Aliter* of the admissions of counsel for the principal, on a former cause; nor can the verdict and judgment in the former cause between different parties be received in evidence, against the surety.

Distributing newspapers, containing libellous matter, and the clerk of the printer receiving payment for them, evidence of the publication of the libel.

SUIT in debt on a recognizance for 1000 dollars, conditioned for the good behaviour of William Cobbet.   Plea *nil debet.*

*The action against Cobbet, on his recognizance for 2000 dollars, was tried at the last term, and a verdict and judgment were obtained thereon, for the commonwealth.

Mr. M'Kean, attorney general, offered in evidence, the admission of Cobbet's counsel, on the former trial, that he had printed and published the several matters charged against him as libels.

This was objected to, by Mr. Lewis for the defendant, and overruled by the court.   The commonwealth may give in evidence in the present suit, the declarations or confessions of Cobbet himself, that he was the author or editor of the papers in question.   But the admission of counsel in another cause, between different parties, cannot affect the present defendant.

The attorney general then contended, that the verdict against Cobbet and judgment thereon, should be received in evidence. The sole point to be ascertained by the jury, is, whether Cobbet has committed a breach of his recognizance for good behaviour. What better testimony can be produced to this end, than to shew a recovery against him on his recognizance, after a full hearing on the merits ?   It is tantamount to a conviction on an indict-

ment for a libel, and the same proofs would be necessary in each case. Where a verdict on an indictment is founded on other evidence besides the party's own oath, there the conviction may be given in evidence by the party injured in a civil suit. Gilb. L. E. 30. This is analogous to principal and accessary in criminal proceedings. Where the accessary is brought to trial, after the conviction of the principal, it is not necessary to enter into a detail of the evidence, on which the conviction was founded. Fost. 365. If to slander, in charging the plaintiff with a felony, a justification be pleaded, and it be found for the defendant, the verdict amounts to a conviction of the offence.

[YEATES, J. denied this, and said it amounted only to a finding of the indictment by the grand jury, (4 Term Rep. 293,) and was sufficient to put the party accused on his trial.]

A record of a judgment of ouster against two bailiffs, under whom the defendant claimed his election, good evidence against him. 2 Stra. 1109. A judgment given against one Leigh, for usurping the office of mayor, was held to be admissible, but not conclusive evidence, against a chief burgess holding under him. 5 Burr. 2598. Wherever a matter comes to be tried in a col- *lateral way, the decree of a court having competent jurisdiction, is conclusive evidence of such matter. Bull. [*130 340, (4to.)

Mr. Lewis *e contra.* It has already been seen, that part of the evidence on which the recovery was had against Cobbet, consisted of the admissions of his counsel. Ought this to prejudice the now defendant? On the same ground, that the present testimony is offered, if the present cause had been first tried, and a recovery had thereon, it might be shewn in evidence against Cobbet; because forsooth the breach of his good behaviour had been tried as a collateral fact! It is laid down in Gilb. L. E. 29, that to make a former verdict evidence, it must have been between the same parties. But the general rule certainly is, that a former verdict may be received in evidence between the same parties, privies and persons claiming under them. And the cases in 2 Stra. 1109, and 5 Burr. 2598, correspond therewith. Even in the case of an accessary, he may controvert the guilt of his principal, notwithstanding the record of his conviction. Fost. 365. Leach's cases, 263.

*Per cur.* The law laid down in Gilb. L. E. 30, has been contradicted. 1 Sid. 325. 12 Mod. 319, 339. Hardw. Cas. 298, 312. 4 Burr. 2255. 1 Stra. 68. 2 Stra. 856. 1 Ld. Ray. 750. Bull. 16, 229. Espin. 320, 736. How can it be ascertained, what degree of credit was given to the party's own oath? Lord GILBERT received the information of the practice from Mr. Phipps, but subjoins his own *quære*, after stating two objections to the doctrine. No record of conviction shall be given in evidence, except in those cases where the benefit of the verdict is mutual.

Bull. 229. The general rule respecting verdicts being given in evidence, has been correctly stated by the defendant's counsel. It is incumbent on the adverse party to shew, that the present case forms a just exception thereto. The former verdict was in a civil suit between different parties, *res inter alios acta;* and "nothing can be more contrary to natural justice, than that any "body should be injured by any determination, that he was not "at liberty to controvert." Gilb. Law Evid. 29. The court reject the evidence.

The attorney general then shewed a volume of Porcupines Gazettes for 1797, bound up, which were proved to have been deposited in a hole behind the door of the library, and that the clerk of William Cobbet, who usually transacted his business, received the payment therefor.

*131]  *Mr. Lewis objected, that it ought to be shewn, that the papers were bought out of Cobbet's shop; and that it had been determined in Rex v. Almon, 5 Burr. 2689, that buying a pamphlet from a bookseller, was evidence of its publication.

BY THE COURT. Pamphlets and books are usually bought at the shops; but newspapers are distributed at the houses of the subscribers. Cobbet is the printer of the papers which contain the libellous matter, and his common clerk received the money. They thus circumstanced must go to the jury, who will judge of their publication.

Verdict for the commonwealth.

A writ of error was brought on the judgment, to the High Court of Errors and Appeals, and judgment affirmed 24th January 1804.