Harper, J.
The only ground of the motion - which need be considered, presents the question whether the defendant ought to have been permitted to give evidence for the purpose of showing that the amount charged against his principal, as administrator of George Elfe, was not due bv him *314 in the character of administrator, but was in fact his private debt; or is defendant estopped by the decree against his principal ?
There is no doubt about the truth and importance of the rule, that no one is bound by a judgement or decree but those who were parties to the suit, or their privies, which in general means those claiming under them and in their right. The doctrine is thus stated in the opinion given by the judges in the Duchess of Kingston’s case, 20 State Trials, 538. “ What has been said at the bar is certainly true as a goneral principle, that a transaction between two parties in judicial proceedings, ought not to be binding on a third, for it would be unjust to bind any person who could not be admitted to make a defence,, or to examine witnesses, or to appeal from a judgement ho might think erroneous; and therefore the depositions of witnesses in another cause in proof of a fact, the verdict of a jury finding the fact, and the judgement of the Court upon the facts found, although evidence against the parties and all claiming under them, are not to be used to the prejudice of strangers.” Some exceptions are adverted to, as in admiralty proceedings in rem. To the benefit of this rule the defendant is certainly entitled, unless there is something in his relation to his principal to make him an exception.
My first impression, derived perhaps from our own decided cases, was very strong that a surety for the conduct of another did stand in such a relation of privity, as to constitute him an exception to the rule mentioned — that undertaking for his conduct, the acts and admissions of the principal must of necessity be evidence against him, and that whatever would conclude his principal would conclude him. But upon as full an examination of authorities as I have been able to make, I am satisfied that the impression was erroneous.
There is something in the case of Greenside v. Benson, 3 Atk. 248, which at first sight might seem to favour the opinion that the sureties are bound by a judgement against the principal. That was a bill by an administratrix and her sureties, to be relieved against the penalty of an administration bond. The administratrix had pleaded at law, no assets ultra, and paid the balance into Gourt. Lord Hardwicke said, “ the administratrix, to be sure, cannot now dispute the verdict, which finds she did not administer the assets. The case of the sureties is not at all better, for as the verdict was against the administratrix, who was the proper person to try it, it would be hard to have this tried over again in as many actions as the plaintiffs please.” The administratrix was decreed to account, and the judgement to stand as a security for what should be found due. But it is to be observed that the sureties were *315 partios to the suit at law, and might have made a defence if they had had one in their power. They were also parties to the suit in Equity, and might no doubt see to the taking of the account.
;But the greater number of the later English cases seem to hold that the admissions of the principal are not evidence against the surety, and a fortiori it should seem that a judge, ment against the principal, which might be founded on his admissions, should not stop him. In Evans v. Beattie, 1 Esp. N. Ca. 26, defendant’s testator had guarantied to plaintiff the payment of goods, to be delivered to C. Evidence was offered of C’s admissions of goods delivered. It was argued that the testator had made the debt his own, and that what would be evidence to charge C should be evidence to charge the testator; but Lord Ellenborough said that defendant had a right to have the delivery preved, as there might be collusion between C and the plaintiff. So in Bacon v. Chesney, 1 Stark. Ca. 192, where the payment of goods had been guarantied, it was held that what the principal afterwards said was not binding on the surety. It was said that a claim against a surety is strictissimi juris. In H&rt v. How, 2 Camp. 92, which was an action of replevin, the plaintiff made cognizance as the bailiff of one M. The declarations of ML were offered in evidence to disprove the tenancy, and rejected. I confess that' these decisions do not seem to me to be entirely satisfactory, unless a distinction can be taken between a guarantor of the payment of goods, and a surety for another’s conduct. It seems to be matter of absolute necessity in many cases, that the admissions of the principal, or some of his acts which are equivalent to admissions,, should be admitted to charge the surety. Should not the accounts returned to the Ordinary by an administrator, in which-he charges himself with monies received, be .evidence against the surety? In Perchard v. Hammerton, 3 Esp. Ca. 394, which was a suit against the surety of a sheriff’s officer, a warrant directed to the officer was offered in evidence, with his receipt of the money endorsed on it, and an order to discharge the defendant in execution. It. was objected that the officer himself might be called as a witness; but Lord Kenyon overruled the objection, as in fact the officer himself was defendant in the action. I do not understand that he was a party to the suit, but in point of interest he was really a defendant. There is such relation between principal and surety, that one would suppose the- admissions of the principal should be evidence against the surety, in like manner as the admissions of one partner or of a person having a common interest, are evidence against another. Yet if a decree were obtained against one partner, or a judgement against the principal obligor, in a *316 j0^ and several bond, the other partner or surety would not be estopped to shew payment, or make any defence which the party first sued had neglected to make. But on this point our own decisions are conclusive — that such evidence may be ad-niitted, and that a judgement or decree against the principal is at least prima facie evidence against the surety for another’s conduct. I shall afterwards enquire if such judgement or decree be held so conclusive that evidence shall not be admitted to contradict it. In the case of the King v. The inhabitants of Lubbenham, 4 T. R. 251, where the inhabitants of the parish of Lubbenham, in pursuance of the terms of a British statute, had certified to the parish of Sheddingworth that a pauper was settled in their parish, it was held that this was in the nature of a contract with the parish of Sheddingworth, and with respect to that parish, if it had received the pauper on the faith of the certificate, Lubbenham was estopped to deny the pauper’s settlement. But the pauper having been received into another parish, though the certificate was evidence against Lubbenham, it was held not to estop them from shewing that the pauper had never obtained a settlement. Lord Kenyon said estoppels are not to be favored. The American cases which I have been able to find relating to the subject, agree in principle with the English decisions. In Maryland, in the case of Beal v. Beck, 3 Har. and M’H. 242, which was a suit against the administrator of a sheriff’s surety, evidence was offered to prove a suit against the principal, a reference to arbitration by consent, and an award against the sheriff, made the judgement of the Court. The evidence was rejected, aud the judgement affirmed upon appeal. In Respublica v. Davis, 3 Yeates, 128, which I find quoted 3 Stark. Ev. 1387, n. (Am. Ed.) it is said that the record of a verdict and judgement in an action on a recognizance against the principal, is not evidence against the surety. But the case which comes most fully up to the present, is that of Dawes v. Shed, 15 Mass. 6. That was an action against a surety to an administration bond. By a statute of Massachusetts, creditors of.deceased persons are limited to four years to bring their actions, after public notice by the executor or administrator to render their demands. The plaintiff brought his action against the administrator after the four years had elapsed, and recovered judgement. In the suit against the surety, it was held that he might take advantage of the statute, and was not bound by the judgement against his principal, which was replied to his plea of performance. Parker Ch. J. said, that the administrator might have defended himself by the statute, in the action brought against him, and was bound to make that defence; the sureties were not parties, and had no opportunity to defend themselves. They were not barred by a judgement suffered collusively or negligently.
*317 Against this weight of authority, and against this clearly settled general principle, that no man shall be bound by a judgement without an opportunity to defend himself — a principle so important to the rights of every individual, I should be most unwilling to decide, unless I felt myself absolutely compelled to do so by the authority of our own decisions. But though it must be confessed that some of them seem to have a strong tendency that way, yet I do not think them conclusive. The case of Cureton v. Shelton, 3 M’Cord, 412, is the principal one on the subject. That case, however, was decided on the pleadings, and no evidence was offered to establish any error in the decree of the Court of Equity. The judge' who delivered the opinion of the Court, says it was contended that the decree in Equity was not conclusive. He decides that the decree itself might be looked into, to ascertain from that whether the principal was charged in his character of administrator, or personally, and we might infer from his reasoning that he thought it conclusive in any other respect. But on the case itself nothing else could be decided. To the plea of performance the plaintiff had replied the decree of the Court of Equity, to which there was a demurrer. The plea was a good one ; as the Court had previously decided in Lyles v. Caldwell, that the decree of the Ordinary, and by parity of reasoning, a decree in equity, is sufficient prima facie, to charge the surely. If there were errors in the decree, charging the principal for matters for which the surety was not answerable, these should have been replied, as has been done in the case before us. On going to the jury then, upon the demurrer being overruled, the defendant, if he had offered it, could not have been permitted to give evidence to show improper charges by the decree. It was conclusive in that case. The case of Lyles v. Caldwell, 3 M’Cord, 225, to which I have referred, only decided that though the surety had not been summoned before the Ordinary, the decree against the principal was prima facie evidence against him. In Wallis v. Gill, 3 M’Cord, 475, it was determined that the Court of law could not entertain an appeal from the Ordinary on a matter of account. The judge says, that without an appeal, the decree of the Ordinary would be final and conclusive ; as undoubtedly it -would against the administrator. There was no question in the case respecting sureties. In several cases it was decided that no action could be maintained on an administration or guardian’s bond against the sureties, until the principal had been called to account and a decree obtained against him. In Joyner v. Cooper, 2 Bail. 199, the judge below certainly expressed an opinion in conformity to what is said in Cureton v. Shelton, that though the surety may look into the decree against his principal, in order to see that *318 ^le *s c^al'8'cc^ only for matters, the discharge or performance of which the surety has undertaken to guarantee, but that in every other respect the decree is conclusive against him, and this Court concurred generally in that opinion. But it maybe observed, that the question now made did not arise in the case. No evidence was offered to impugn the decree. The decree itself shewed the character of the charge against the principal, and the Court thought it a proper charge against him in his trust character.
In all other cases of suits on joint obligations against principal and surety, if there be a good defence which the principal neglects to make, there is nothing to prevent the surety from making it. If there be a joint and several bond, by principal and surety, conditioned for the principal’s performance of covenants, and judgement recovered against the principal in the first instance, with damages for a breach of the condition, what is to prevent the surety, when afterwards sued} from pleading and proving performance? In the case of administrators, guardians, &c. a previous account and decree against the principal are required, on account of the impracticability of taking an account in the Court of law, and of establishing a default without an account. Yet why should this subject the surety to a disability to which he would not be liable if he were sued with his principal in the first instance ? It is supposed that it will be equally impracticable to examine the account in a suit against the surety. But there is a manifest difference in taking an account in the first instance, and proving specific errors in an account already settled. If there be difficulty in doing this, it will be the hardship of the surety, and we need not add the additional hardship of condemning him without an opportunity to defend himself. This has no analogy to the case of bail. The undertaking of the bail is that the principal will render himself in execution, or that the bail will surrender him or pay the condemnation money. He has estopped himself by the recognizance from contesting the judgement. We think the Court ought to have admitted the evidence to shew that the demand established by the decree was for the administrator’s personal debt, and not for a debt of the intestate; and on this ground the motion is granted.
Johnson, J. concurred.