Hotchkiss
v.
Lyon.

## Hotchkiss v. Lyon and Others.

*A.* entered into partnership with *B.* in the business of tanning; and *C.* bound himself in a covenant to *B.* for *A.'s* conduct as a partner for a certain time. *Held,* that, in an action by *B.* against *C.* on the covenant, the admissions of *A.*, made after the expiration of the stipulated time, were not admissible as evidence against *C.*

*Wednesday,*
*May 6.*

ERROR to the *Vigo* Circuit Court.

Holman, J.—*Lyon, Allen,* and *Creal,* as the sureties of *Burnett,* covenanted with *Hotchkiss,* that said *Burnett,* whom *Hotchkiss* had taken as a partner in the business of tanning, should faithfully discharge his duty as such partner, and fully account, &c. with the said *Hotchkiss* for and during the term of two years from the 11th of *January,* 1823. To a declaration on this covenant for breaches in the year 1823, the defendants pleaded, among other pleas, that said *Burnett* did discharge all the duties that they had covenanted that he should discharge, &c.; on which issue was taken. On the trial, as appears by bills of exceptions taken by the plaintiff, the Circuit Court refused to admit the plaintiff to give in evidence the admissions of *Burnett,* made in the year 1825, that a certain book offered in evidence, was the account book of the partnership between the plaintiff and *Burnett;* and also refused to admit evidence of the declarations of *Burnett,* made in 1825, that he had received certain hides, &c. The defendants obtained a verdict and judgment. The plaintiff appealed to this Court.

The admissibility of *Burnett's* declarations as evidence against the defendants, presents the only question in dispute. In the case of *The Governor* v. *Shelby, Nov.* term, 1826, we decided that a judgment against the sheriff, was no evidence against his sureties for the same demand. The cases uniformly support that decision. There are some cases which were urged by the plaintiff in that case, and which are relied on in support of this appeal, that are clearly inapplicable. They decide, that when a party who is ultimately liable, has notice of a suit against an intermediate party, he is bound by a decision against that intermediate party, and cannot afterwards controvert it. But a judgment against a principal is in no case conclusive against a surety, no matter on what ground that judgment has been given.

In this case, a judgment against *Burnett* even by confession, would have been no evidence against his sureties; but a judgment against the sureties would have been conclusive against *Burnett*, if he had been legally notified of the action. The defendants were bound for the conduct of *Burnett*, during the term for which they had covenanted, but not for what he might, after a lapse of several years, be induced to say in relation to his conduct during the stipulated term. It is true that, while the principal is acting, his declarations may be so interwoven with his acts, as to stand in direct connection with them, and form a part of the res gestæ, but when he ceases to act, his subsequent declarations have no direct connection with his preceding acts, so as to bind his sureties. The authorities on this subject place the matter beyond dispute. In *Evans* v. *Beattie*, 5 Esp. R. 26, it was decided, that if *A.* guaranty the payment of such goods as *B.* shall deliver to *C.*, the declaration of *C.* of his having had goods is not admissible to prove the fact against *A.* The delivery of the goods must be proved. See also the cases of *Bacon* v. *Chesney*, 1 Stark. R. 192.—*Dunn* v. *Slee*, Holt's Cas. 399.—*Beall* v. *Beck*, 3 Har. & M'Henry, 242.—*Republica* v. *Davis*, 3 Yeates, 128.—3 Stark. Ev. 1386. We are therefore of opinion that the evidence was properly rejected.

*Per Curiam.*—The judgment is affirmed with costs.

*Dewey*, for the plaintiff.

*Kinney*, for the defendants.