*J. Pitcher, E. S. Terry,* and *O. H. Smith,* for the defendant.

---

8b 292
134 348

PARKER and Others *v.* THE STATE, on the Relation of TOWN.

If a plea of *non est factum* be not sworn to, a demurrer to it will be sustained.

A justice's transcript certified by his successor was, though objected to, admitted in evidence. *Held,* that the admission of the transcript (the record not showing the ground of the objection) could not be said to be improper.

Hearsay evidence is inadmissible.

In a suit on a justice's bond, the breach assigned was the justice's failure to pay over money collected on a judgment. *Held,* that the judgment-debtor was not a competent witness to prove his payment of the money to the justice.

A judgment in a cause which had been submitted to the Court will not be reversed on account of the admission of illegal evidence, if the judgment is right independently of that evidence.

The admission of certain facts by the principal obligor, in which facts he and his sureties were jointly interested, is admissible evidence against them all.

The demand required to be made on a justice of the peace before a suit for

money collected by him can be sustained on his bond, may be made at any time before the commencement of the suit.

A declaration in such suit which stated that the justice, by virtue of his office, had collected and received the money, substantially avers that the money was received by the justice whilst he was in office.

Nov. Term,
·1846.

PARKER
v.
THE STATE.

ERROR to the *Clark* Circuit Court.

*Wednesday,*
*December 9.*

BLACKFORD, J.—The state, on the relation of *Town*, brought an action of debt against *Parker* and two other·persons on a penal bond, dated the 10th of *December*, 1838. The condition of the bond, which is set out in the declaration, is, that whereas *Parker* has been commissioned a justice of the peace in *Clark* county for five years from the 4th of *December*, 1838, now if said *Parker* shall faithfully discharge his duties as a justice of the peace, and pay over all moneys that shall come into his hands by virtue of his office, then the bond to be void. The breach assigned is, that, on the 15th of *March*, 1841, *Town*, the relator, recovered before *Parker*, justice as aforesaid, three judgments against one *Deitz*, the first for the sum of, &c., the second for the sum of, &c., and the third for the sum of, &c., amounting in the whole to the sum of, &c.; that *Parker*, by virtue of his said office, collected and received the amount of said judgments; and that he neglected and refused, though often requested, and especially by said *Town* on the first of *April*, 1842, to pay the same or any part thereof, &c.; whereby an action accrued, &c.

There are ten pleas. The first plea is *non est factum*. This plea not being sworn to, was correctly adjudged on demurrer to be bad. The other pleas are to the breach, to which pleas there are replications. These pleadings, which need not be further noticed, gave rise to various issues of fact.

The cause was submitted to the Court, and judgment rendered for the plaintiff.

The questions which this case presents are the following: 1. Were the judgments rendered by *Parker* as alleged in the declaration? 2. Did *Parker*, as a justice of the peace, collect the money due on those judgments? 3. Did the relator make a legal demand on *Parker* for the money collected, before the commencement of the suit? 4. Was the money col-

Nov. Term, 1846.

PARKER
v.
THE STATE.

lected by *Parker* paid by him to the relator? 5. Was the declaration good on general demurrer?

The judgments were proved by transcripts from *Parker's* docket, certified by his successor in office. The transcripts were objected to, but the objection was overruled. The ground of the objection to the transcripts, relied on in the Circuit Court, not being shown by the record, we cannot say that their admission was improper. The plaintiff introduced a letter written by *Parker* to the relator, dated at *Indianapolis* the 30th of *December*, 1841. It appears by this letter that the money had been collected by *Parker*, whilst he was a justice of the peace, on the judgments, and that it had been demanded of him by the relator, and it contains a promise of payment. There was in evidence another letter to the same effect from *Parker* to the relator, dated at *Indianapolis* the 27th of *January*, 1842. The plaintiff offered *Deitz*, the judgment-debtor, as a witness, to prove that he had paid the judgments to *Parker*. The witness was objected to, but the objection was overruled. The plaintiff proved that *Ford*, whose certificates are attached to the transcripts of the judgments, became the successor of *Parker* as justice of the peace, sometime in *February*, 1842. There was some hearsay evidence given by the plaintiff, which should not have been admitted.

The record contains all the evidence.

After striking out the testimony of *Deitz*, whom we consider incompetent, and striking out also the hearsay evidence, we think there is still sufficient evidence to sustain the judgment. The judgments described in the declaration, were regularly proved to have been rendered by *Parker* as justice of the peace. The letters of *Parker* show that he had collected the money by virtue of his office, and that it had been demanded of him by *Town;* and they contain promises of payment. There was no proof of *Parker's* having paid over the money to the relator.

It is objected that *Parker's* letters were not evidence against his sureties; but we think they were. The obligors were all jointly interested as to the facts admitted in the letters, and the admission of those facts by one of the obligors

was therefore admissible evidence against them all. 1 Green-
leaf's Ev. sect. 174, and the cases there cited.

It is also objected, that the demand on *Parker* was not
made until after his office had expired. It seems, however,
from the evidence, that the fact is otherwise. *Ford* says
that he became *Parker's* successor sometime in *February*,
1842; and *Parker's* letters are both dated before that time.
But it is sufficient, if the demand was made before suit was
brought. Were the law otherwise, a justice might, imme-
diately after collecting a sum of money, resign, and thus re-
lieve his sureties from liability.

The declaration is objected to on the ground that it does
not expressly aver that the money was received by *Parker*
whilst he was a justice of the peace. The averment is, that
*Parker*, by virtue of his office of justice of the peace, collect-
ed and received the money. That is sufficient on general
demurrer.

*Per Curiam.*—The judgment is affirmed with costs.

*J. G. Marshall*, for the plaintiffs.

*R. Crawford*, for the defendant.