Nov. Term, 1858.

FERRY
v.
PARKS.

---

## FERRY *v.* PARKS and Another.

Suit against *A.* as drawer and indorser, and *B.* as indorser of a bill of exchange, and also for property sold and delivered, &c. The complaint contained six paragraphs—the first four upon the bill, and the fifth and sixth charged them jointly for goods, &c. The first, third, and fourth paragraphs charged *A.* as drawer and indorser, and *B.* as indorser; the second, charged them as joint indorsers. *A.* was defaulted. *B.* answered in six paragraphs—1, a general denial; 2 and 4, as to the first four paragraphs of the complaint, that the signature of the defendant was obtained by fraud, and without consideration; 3 and 5, that said signature was obtained without consideration; 6, as to the fifth and sixth paragraphs of the complaint, that *B.* was not indebted, &c.; that *A.* on, &c., at, &c., fully accounted with the plaintiffs and found due them 5,000 dollars, for which said *A.* drew the bill of exchange sued on, which was accepted by the drawer, and upon request of the plaintiffs was indorsed by him to them in full satisfaction, &c. Reply by way of

Nov. Term,
1858.
─────
FERRY
v.
PARKS.

general denial. To sustain the issues thus formed, *B.* offered *A.* as a witness, but the plaintiffs objected because said *A.* was a party, and interested, &c. The Court below decided that *A.* could not testify generally in the case. *B.* then said he would propose certain points upon which he desired to examine *A.*, but he did not do so. *Held*, that there was no error.

Friday,
November 26.

APPEAL from the *Jefferson* Circuit Court.

HANNA, J.—This was a suit by *Parks* and *Hite* against *White* and *Ferry*. *White* as drawer and indorser, and *Ferry* as indorser of a bill of exchange; and also against them for property sold and delivered, &c.

The only question insisted upon in the brief of the appellant, is, as to whether the ruling of the Court in refusing certain evidence, was correct.

To determine this question, it is proper to look to the issues.

There were six paragraphs in the complaint. The first, second, third, and fourth, were upon a bill of exchange. The first, third, and fourth paragraphs attempted simply to charge *White* as drawer and indorser, and *Ferry* as indorser of the bill. The second charged them as joint indorsers thereof. The fifth and sixth attempted to charge them jointly as upon common counts for goods, &c.

*White* was defaulted, and *Ferry* answered in six paragraphs—first, a general denial; second and fourth, as to the first four paragraphs of the complaint, that the signature of said defendant was obtained by fraud and without consideration; third and fifth, that said signature was obtained without consideration; sixth, as to the fifth and sixth paragraphs of the complaint, that said defendant, *Ferry*, is not indebted, &c.; that said *White*, on, &c., at, &c., fully accounted with said plaintiffs, and found due to them the sum of 5,000 dollars, for which said *White* drew the bill of exchange sued on, which was then, &c., accepted by *Baker & Brother*, upon whom it was drawn, and upon request of plaintiffs, was indorsed by him to them in full satisfaction, &c., of all sums in said fifth and sixth paragraphs mentioned, and that the same was accepted, &c.

Reply, by way of general denial.

The bill of exceptions states that "said defendant, *Ferry*,

further to sustain the issues on his part herein to be proven,

produced *David White*, the other defendant, and offered to prove the issues aforesaid by him; but to the introduction of the said *White* as a witness herein, said plaintiffs objected—1. Because said *White* is a party, &c. 2. Because he is interested in the result of this suit. Which objection was sustained, &c. The Court decided that *White* could not testify generally in the case. The defendant, *Ferry*, then said he would propose certain points upon which he would ask to examine said *White*, but did not do so; and the Court did not decide that *White* could be a witness to no point or points in the case, but only that he could not be a witness generally."

There was a verdict for the plaintiffs for 5,026 dollars. It is insisted by the appellants that under our statute (2 R. S. §§ 20, 41, 302, 369, of the practice act), "a party to the record may, in all cases, that being the only objection, be a witness for his co-defendant."

The appellees "concede that under our code, *White* was a competent witness for his co-defendant, as to the issues made upon either the first, third, or fourth paragraph; but contend that as to the issues made upon the second, fifth, and sixth paragraphs, he was incompetent." And they further contend that even if he was improperly excluded from testifying upon the issues in reference to which he was a competent witness, the verdict and judgment for the plaintiffs, are not upon those paragraphs, and therefore should not be disturbed.

The bill was dated *December* 31, 1855, payable at *New York*, at seventy-five days, &c. The verdict was found, *October* 4, 1856. The bill and its interest, therefore, was, up to that date, 5,162 dollars, 50 cents; and 5 per cent. thereon, as damages, would have been 250 dollars more. The evidence of *McKernan*, the cashier and bookkeeper of *White*, was, that the bill sued on was for a balance of 4,868 dollars, 34 cents, due plaintiffs at that date on hogs, &c.

The amount of the verdict is even less than that sum with interest from that date to the day of finding, &c; but

if that sum was to be considered as not due until the end of the seventy-five days, then the interest thereon would make about the amount of the verdict. It is manifest that the finding of the jury was based upon that erroneous assumption, and was upon the fifth and sixth paragraphs; but that error was favorable to the appellant, and he cannot complain of it.

As the testimony of *White* could not have been received upon the issues made upon those two paragraphs, we are inclined to the opinion that even if the Court erred in the ruling, under the circumstances, it should not reverse the judgment. But we are further of the opinion that the ruling of the Court was, in effect, a decision in favor of the admission of the testimony of *White*, upon the issues in reference to which he was a competent witness, and was, therefore, correct. He was not competent to sustain the issues generally, upon the part of *Ferry*, and when offered for that purpose, was correctly excluded if that was the only ground or condition upon which the defendant would introduce him.

It is insisted that he ought to have been admitted generally, and that the proper time to exclude his testimony would have been when an improper question was asked.

This position may or may not, in practice, be correct, where it is not avowed for what purpose the witness is offered—that point is not before us; but when the Court is notified in advance, that a witness is offered both for a legal and an illegal purpose, we do not see any impropriety in the Court deciding that he may be admitted for the one and not for the other. This certainly does not divest the party of the right to introduce him upon the issues upon which his evidence should be received, and would rather have a tendency, in our judgment, to shorten and facilitate the investigation of questions of fact.

*Per Curiam*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. W. Chapman, J. B. Meriwether*, and *H. O'Neal*, for the appellant (1).

*C. E. Walker* and *A. W. Hendricks*, for the appellees (2).

(1) Counsel for the appellant made the following argument:

The real issue upon which the merits of the case depended below was, did *Parks* and *Hite* receive the bill drawn by *White*, and accepted by *Baker & Brother*, in full payment of the indebtedness of *White* and *Ferry* to them, and afterwards procure the indorsement of *Ferry?* The principle is so well established that a preëxisting debt may be discharged by the receiving, for that purpose, by the creditor, of the promissory note of third persons, that it need hardly be adverted to. *Noel* v. *Murray*, 1 Duer, 385.—*Bangor* v. *Warren*, 34 Maine R. 324.—*Conkling* v. *King*, Barb. (S. C.) 372.—*French* v. *Price*, 24 Pick. 13.

*White* was defaulted, and *Ferry* offered him as a witness, and his exclusion by the Court is the only error now complained of. *White* was the co-defendant of *Ferry*, and upon the ground that he was a party to the record, and interested, he was excluded. A witness is not necessarily excluded on either ground under our present practice. 2 R. S. §§ 20, 41, 302, 369, of the practice act. By these provisions of the statute, the Court will perceive that a party to the record may, in all cases, that being the only objection, be a witness for his co-defendant; and by the same provisions a party in actual interest, is, in many cases, equally competent. The rule is, where the suit is ended as to one of several defendants, by default or otherwise, his own fate at all events being certain, he is a competent witness for the rest. 1 Greenl. Ev. 355, 356. The exception to the rule is, where the witness has a direct interest in the event of the suit as to his co-defendant.—*Ibid.* The interest must not only be direct, but it must be beneficial to him and not adverse.

If the competency of *White* be tested by these principles, how does the matter stand with him? He had been defaulted, and by suffering it he admitted his liability to the extent of the plaintiff's demand. If *Ferry* was to be involved with him in the judgment which was about to be rendered against him, then *White's* liability, keeping in view the law of contribution, would be diminished one-half. *White's* interest was directly adverse to *Ferry's.* Reason, therefore, as well as the rules of law, sanctions the competency of the excluded witness.

If these general principles should be believed by the Court to be too broad in a case like this, still, under section 302, the witness was competent. It was held in *Wood* v. *Cohen*, 6 Ind. R. 455, that a co-defendant may be made a witness; but to what extent he is to testify is not decided. The section of the *New York* code on this subject is similar to ours; and their Courts have invariably held the doctrine we insist upon. In the leading case of *Beal* v. *Finch*, 1 Kernan, 128, the learned judge lays down the rule, that a co-defendant "is a competent witness in all cases where jointly sued, but only as to certain matters." Again—"In all actions a defendant is a competent witness for his co-defendant. His admissibility as a witness cannot be questioned, but he is restricted as to the subject-matter of his examination."—*Ibid.* There are many other decisions in the *New York* reports to the same effect, but we refer the Court especially to the cases of *Gardner* v. *Finley*, 19 Barb. 317, and *King* v. *Lowry*, 20 Barb. 533. See, also, Voorhies' *New York* Code, § 397, pp. 539, 540, and cases there cited. So it seems that the restriction is not upon the witness as co-defendant in any case, but applies only to the character of the testimony which he is about to deliver. Here is the point where the objection is to be interposed. He is not to be excluded from the witness-stand

as incompetent for anything that appears on the record; but his testimony is to be excluded as incompetent when it shall appear to be so.

The appellees say, as to three paragraphs White was competent, and as to three he was not; and from this they argue that Ferry should have designated the subject-matter about which he intended to examine him before he could be admitted to the witness-stand at all. If this reasoning is sound, then the leading object of the provision in section 302 is entirely defeated, and the section itself is a dead letter. For example: A. and B. execute a joint and several promissory note, the one as surety for the other, upon which the payee sues. But he reflects that under the statute either may be a witness for the other, which must be avoided, and he craftily adds a paragraph for goods sold and delivered, and thereby defeats both his adversaries and the law. Such a construction would be immoral and unsound.

(2) Counsel for the appellees, upon the point relied upon by counsel for the appellants, argued as follows:

The first, third, and fourth paragraphs of the complaint seek to charge the defendants, White and Ferry, as successive indorsers of the bill of exchange therein mentioned. The second paragraph seeks to charge them as joint indorsers, while the fifth and sixth paragraphs seek to charge them as jointly indebted for hogs sold and delivered, money paid, &c.

We will here concede that, under our code, White was a competent witness for his co-defendant as to the issues made upon either the first, third, or fourth paragraphs. But we contend that as to the issues made upon the second, fifth, and sixth paragraphs, he was incompetent. Section 302 of the code. As to these three paragraphs, White was jointly interested and liable with his co-defendant, and a joint judgment only could be rendered against them. It will not be questioned that before the code came in force the plaintiffs below, under any of the paragraphs of the complaint, must have recovered against all or none of the defendants, since no matter of mere personal discharge such as infancy or bankruptcy was pleaded. The only portions of the code that occur to us, altering the law as it stood before, are §§ 20, 41 (clause 3), and 369. All these sections contemplate a several liability. No part of the code changes the common-law rule respecting recovery upon a joint liability. The New York code is substantially like ours in this respect, and has received the construction we contend for. Merrifield v. Cooley, 4 Pr. R. 272.—Fullerton v. Taylor, 6 id. 259. As to these paragraphs, then, White could have given no testimony tending to discharge Ferry, that would not have benefited himself. If Ferry had succeeded in his defense, no judgment could have been rendered against White on these paragraphs: The fact that White had already made default did not alter the case. Kincaid v. Purcell, 1 Ind R. 324.

White, then, was not competent as to either of these paragraphs, under section 302.

Then, as to three paragraphs, White was a competent witness, and as to three others he was not. His co-defendant, Ferry, offered him as a witness generally upon all the issues. He offered, in the language of the bill of exceptions, "to prove the issues aforesaid by him." The plaintiffs below objected because White was a party and because he was interested. He was offered for too much. The opposite party objected. The Court decided that he could not be a witness generally and to the extent for which he was offered,

and it decided nothing more. The defendant below was, in effect, required to specify the points to which it was proposed to examine *White*—at least he agreed to do so, but failed to do it. We think no question upon this part of the record is reserved. Under the circumstances, *Ferry* was bound to state what he proposed to prove by *White*, and *White* should not have been allowed to testify until *Ferry* did so.

It would not be treating the Court fairly, and would give *Ferry* an undue advantage over his adversary, to allow his exception in this case. Had he offered his co-defendant as a witness upon the three counts only as to which he was competent, no objection might have been made by the adverse party, and the Court would no doubt have admitted the testimony. The Court only decided that *White* could not testify to all the issues, and they gave the Court no opportunity to decide how far he was competent. *Beal* v. *Finch*, 1 Kern. 135. This case is quoted in *Wood* v. *Cohen*, 6 Ind. R. 455.

But if it should be conceded that *White* was improperly excluded from testifying, so far as concerns those paragraphs as to which he was a competent witness, still the judgment should not be disturbed for that reason. The verdict and judgment were not rendered upon either of those paragraphs, but upon either the fifth or sixth paragraph. This is apparent from the record. If the verdict had been rendered for the amount due on the bill of exchange, including interest, damages, and costs of protest, it should have been for say 5,500 dollars. If the bill of exchange had never been given, *White* and *Ferry* would have remained jointly indebted to *Parks* and *Hite*, on the hog account, 4,861 dollars, 34 cents, as of date of *December* 31, 1855. This was the real subject-matter of the fifth and sixth paragraphs of the complaint; and adding 6 per cent. interest on this amount up to the time of trial gives 5,026 dollars, 56 cents, the amount of the verdict. It must have been upon this, then, that the verdict was based. If this was so, then the only issues as to which *White* was competent to testify, were in effect found in *Ferry's* favor, and he would have been in no better situation than he is, had his witness been heard.

Counsel for the appellees went into a most elaborate argument of other questions, not noticed by the Court in the above opinion.

<div align="right">Nov. Term,
1858.