May Term,
1861.

PERRIN and Another *v.* JOHNSON and Others.

PERRIN
v.
JOHNSON.

Proceedings by creditors to set aside a mortgage alleged to have been fraudulently made by the debtor. The mortgagor, mortgagee, and an assignee of the mortgage were made defendants. The mortgagor was defaulted, and the other defendants answered by general denial.

*Held,* that the wife of the mortgagor was not a competent witness to prove declarations of the mortgagee, tending to show his knowledge of the fraudulent purpose with which the mortgage was executed.

*Held,* also, that notwithstanding the default against the mortgagor, the other defendants having traversed the complaint, it was incumbent on the plaintiffs, in order to a recovery, to establish, by proof, their case as stated in the complaint; and hence the testimony proposed to be given by the wife tended to authorize the recovery of a judgment against her husband.

*Held,* also, that the mortgagee was not a competent witness in behalf of his co-defendants, to prove that the mortgage had been received by him in good faith, as such testimony tended to defeat a recovery against him, and was matter in which he was jointly interested with his co-defendants.

Tuesday,
May 28.

APPEAL from the *Dearborn* Circuit Court.

DAVISON, J. — The appellants, who were the plaintiffs, brought this action against *Johnson, Glasgow* and *Morgan,* alleging in their complaint that they are the judgment creditors of *Morgan,* who, with intent to defraud his creditors, had executed to *Glasgow* a mortgage on certain land in *Dearborn* county, known as "The *Loughery* Farm." The mortgage bears date *August* 31, 1853, and was, on *December* 16, 1856, assigned by *Glasgow,* the mortgagee, to *Johnson,* without consideration. It is averred that the plaintiffs, on *May* 5, 1858, recovered judgment against *Morgan* for $3,358, upon debts contracted prior to *August* 1853, and that an execution issued on said judgment had been levied on the mortgaged premises, which, though offered for sale by the sheriff, would not sell on account of the alleged fraudulent mortgage. That *Glasgow,* when the mortgage was executed, and *Johnson,* when it was assigned, had, respectively, full notice of the fraudulent purposes of *Morgan.* The relief prayed is that the mortgage be set aside, &c., as fraudulent and void. Against *Morgan* there was a default regularly taken. The answers of *Glasgow* and *Johnson* are, in effect,

general denials. Verdict for the defendants; upon which the Court, having refused a new trial; rendered judgment.

Upon the trial the plaintiffs offered in evidence the deposition of one *Laura Morgan*, which had been duly taken and filed in the cause. And it having been admitted that the deponent was the wife of *Andrew Morgan*, one of the defendants, the other defendants moved to suppress the deposition on the ground that, her husband being a party, she was incompetent as a witness. The Court sustained the motion and the plaintiffs excepted. The deposition proposed as evidence is set forth in the record. It relates, exclusively, to communications made by *Glasgow* to the witness, tending to prove his knowledge of the fraudulent purpose with which *Morgan* executed the mortgage. At common law, "A wife is incompetent to testify in any civil proceeding in which her husband is a party, or is directly and immediately interested in the event of a suit, whether civil or criminal." 1 Greenl. Ev., §§ 334, 337; 1 Phil. Ev., 4 Am. Ed., pp. 77–84. But we have a statute which says: "Husband and wife are incompetent witnesses for or against each other, and they can not disclose any communication from one to the other, made during the existence of the marriage relation, whether called as a witness while that relation exists or afterward." 2 R. S., § 240, p. 82. As has been seen, the deposition does not tend to disclose any communication between the witness and her husband, nor does the testimony which it offers to disclose make her a witness for him. And the appellant contends, that the matter to which she proposed to testify would not, if admitted, have been evidence against him. We think otherwise. The mere fact that *Morgan* had suffered a default can not vary our decision of the question under discussion; because the other defendants having pleaded the general traverse, it was incumbent on the plaintiffs, in order to recover, to establish, by proof, their case as stated in the complaint. Having done this, they would have been entitled to a judgment against all the defendants, including *Morgan*, not only upon the merits of the controversy, but for their costs expended in the prosecution of the suit; when, in the absence of proof that *Glasgow* had notice of the fraudulent purpose

of the mortgage, no such judgment could have been recovered. And the result is, the deposition before us, made by *Morgan's* wife, was correctly suppressed, because the evidence which it contains tends to authorize the recovery of a judgment against her husband.

The defendant *Johnson*, at the proper time, produced *Glasgow*, his co-defendant, and by him offered to prove, *inter alia*, that he, *Glasgow*, received from *Morgan* the mortgage on the "*Loughery* farm in good faith, without any fraudulent purpose, and without any knowledge whatever that *Morgan* desired to execute said mortgage with intent to hinder, delay, or defraud his creditors or any of them." An objection to the proof of these facts, by *Glasgow*, was overruled, and he was allowed to give the proposed evidence, on the ground, as alleged by the Court, "that the witness, though a party to the suit, was competent to testify generally in the cause for his co-defendant, *Johnson*."

By § 302 of the code, it is provided, that "A party may be examined on behalf of his co-plaintiff or co-defendant, as to any matter in which he is not jointly interested or liable with such co-plaintiff or co-defendant, and as to which a separate and not a joint judgment shall be rendered." 2 R. S., p. 97. Under this provision we have ruled, that where the matter proposed as evidence on the trial, "tended to prove that there was no cause of action against the defendants, or either of them, it is evidently matter in which they are all interested, and can not therefore be proved by a co-defendant." *King* v. *Hubble*, 15 Ind. 64; *Hubble* v. *Wolf*, *id.* 204. The principle involved in these decisions is, in our judgment, applicable to the case at bar. This, as we have seen, is a joint suit against. *Morgan*, *Glasgow* and *Johnson*. The charge is, that *Morgan* executed the mortgage with intent to defraud his creditors; that *Glasgow* when he received it as mortgagee, and *Johnson* when it was assigned to him, "had, respectively, full notice of the fraudulent purpose of *Morgan*." Now, it is evident that the inquiry raised by the pleadings, whether *Glasgow*, when he took the mortgage, had notice of the intent with which it was executed, is one in which all the defendants were interested; because, in the event of proof that

he received the mortgage honestly and in good faith, the plaintiff's action could not be maintained against any defendant. *Glasgow* being a co-defendant, his testimony as to the proposed facts was plainly inadmissible. And for the reason that it was admitted, the judgment must be reversed.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*W. S. Holman* and *Jno. D. Haynes,* for the appellants.

*J. T. Brown, Jno. Schwartz* and *H. G. Comstock,* for the appellees.