Nov. Term,
1861.

ANDERSON
v.
WEAVER.

---

## ANDERSON and Another *v.* WEAVER.

One defendant can not be examined as a witness for another, where the matter proposed as evidence tends to defeat the action as to all the defendants.

Where a cause is submitted to the Court for trial, there being an issue of law upon demurrer undisposed of, it will be presumed that the issue was decided in the general finding; but it is error to proceed to the trial of issues of fact before a jury, when issues of law remain undisposed of.

APPEAL from the *Wayne* Common Pleas.

DAVISON, J.— *Weaver*, who was the plaintiff, sued *Anderson* and *Storms* upon a delivery bond, which bears date *February* 9, 1856, is in the penalty of $100, was executed to one *Lydia Wo'f*, and is conditioned thus: "If the said *Anderson* shall deliver to the sheriff of *Wayne* county, on *March* 21, 1856, or at any time when called for, within three months from that date, at *Hagerstown*, in said county, one bay mare, levied on as the property of *Anderson*, by virtue of an execution in favor of said *Lydia Wolf*, then this obligation shall be void," &c. The bond was afterward, and before the commencement of this suit, duly assigned by the obligee to the plaintiff. And for breach of said condition, it is alleged that *Anderson*

Wednesday,
December 4.

failed to deliver said mare to the sheriff, in accordance with the terms and effect of the contract, or otherwise, &c.

Defendant's answer contains eight paragraphs; to all of which the plaintiff replied. But to the reply to the second and third paragraphs of the answer, the defendants demurred. The issues were submitted to a jury. Verdict for the plaintiff; upon which the Court, having refused a new trial, rendered judgment.

The motion for a new trial points out two grounds upon which the appellants rely for a reversal of this judgment. 1. Error of the Court in refusing to admit testimony offered by the defendants. 2. A demurrer to the reply to the second and third paragraphs of the answer, was pending and undisposed of, when the cause was tried.

During the trial, *Storms* proposed to prove by *Anderson*, his co-defendant, that the mare described in the condition of the bond was, at all times after it was executed, until the end of four months thereafter, ready for delivery to the sheriff, at the place therein designated; but was not called for or demanded. This evidence was, upon the plaintiff's objection, refused, and the defendants excepted. There is nothing in the exception. One co-defendant can not be examined as a witness for another, when the matter proposed as evidence tends to defeat the action as to all the defendants. *King* v. *The State*, 15 Ind. 64; *Perrin* v. *Johnson*, 16 Ind. 72. These authorities are decisive of the point under discussion, because, if the mare was ready to be delivered within the time and at the place designated in the condition of the bond, and was not demanded, the action was not maintainable against the defendants, or either of them. It follows, the evidence was correctly refused.

But the Court proceeded to final trial without deciding the issue raised by the demurrer. This, it seems to us, was an irregularity, on account of which the proceedings must be held defective. It is true, where the cause is submitted to the Court for trial, there being an issue of law upon demurrer undisposed of, it will be presumed that that issue was decided in the general finding *Hosier* v. *E iason*, 14 Ind. 523. But this rule is not applicable where the issues

of fact are submitted to a jury. *Gray* v. *Cooper*, 5 Ind. 506. In that case it was expressly decided, that "it was error to proceed to the trial of issues of fact before the jury, when issues of law remained standing, and not disposed of." Stephen's Pl. 43, 44; *Green* v. *Dulany*, 2 Munf. 518.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. B. Ju ian*, for the appellants.

*O. P. Morton*, *J. F. Kibbey*, and *N. J. Johnson*, for the appellee.