## Lash *v.* Perry and Others.

For points ruled in this case, see opinion.

APPEAL from the *Morgan* Circuit Court.

Elliott, C. J.— *Lash*, the appellee, sued *Richard Perry*, *Garland Perry* and *Nathan Perry*, to recover the possession of eighty acres of land. The record shows a default against *Garland Perry*. The other defendants answered by the general denial. A jury being waived by the agreement of the parties, the issue was submitted to the court. The trial resulted in a finding for the defendants. The plaintiff moved the court for a new trial, which was overruled, and judgment given for the defendants. The plaintiff appeals.

The evidence is made part of the record by a bill of exceptions; and it is insisted that, from it, the finding should have been for the plaintiff. We do not think so. The plaintiff claims title under a sale and conveyance to him by the sheriff, on an execution issued by the clerk of the court of common pleas, on a transcript of a judgment of a justice of the peace, certified under the statute, in favor of *George Gillaspy*, against *Richard Perry* and *Garland Perry*, two of the defendants in this suit. But the evidence clearly shows that neither of the execution defendants had any title whatever to the land, or any interest therein, subject to execution, at any time after the execution of the note on which the judgment was rendered. *Richard Perry*, one of the execution defendants, was once seized in fee of the land, but he conveyed it to *Nathan Perry*, by deed in fee, on the 30th of *December*, 1850, a period of between eight and nine years prior to the date of the contract on which the judgment was rendered, under which the plaintiff claims title; and there is no evidence in the record, even tending to prove that the conveyance was not in good faith. We think the finding of the court was clearly right.

Another question urged is, that the court erred in rendering a judgment against the appellant, in favor of all the defendants, for costs; for the reason that, as *Garland Perry* suffered a default, the cause of action as to him was taken as confessed, and that the plaintiff was, therefore, entitled to a judgment against him, though he failed to recover against the other defendants. The position assumed is not a necessary result in all cases of a default against one of several defendants; and, in our opinion, is not correct as applied to the case at bar. As has been already shown, the title to the premises in controversy was in *Nathan Perry*, and not in either of the defendants in the execution, at any time after the cause of action arose upon which the judgment was rendered. But, as to *Garland Perry*, the evidence further shows, affirmatively, that he never had any title or

interest in the land, nor was he, at any time, in the possession of it. It may be presumed that, in the mind of the plaintiff, some reason existed for making *Garland Perry* a party to the suit, but if so, it is certainly not disclosed by the evidence. The plaintiff had no cause of action against him, and having failed, on the trial, to recover against either of the other defendants, he was entitled to no judgment against *Garland Perry.* *Kincaid* v. *Purcell,* 1 Ind. 324, and authorities there cited; *King et al.* v. *The State ex rel. Hubble et al.,* 15 Ind. 64; *Perrin et al.* v. *Johnson et al.,* 16 Ind. 72.

It may also be observed, that as *Garland Perry* did not appear, and consequently made no costs, the judgment in his favor, if, indeed, the judgment rendered by the court is to be so considered, amounts to nothing.

The trial and finding of the court had relation only to the defendants who appeared and answered, and the judgment of the court in favor of the "defendants," for costs, is, perhaps, only a judgment in their favor. The plaintiff did not ask the court below for a judgment in his favor, against *Garland Perry* alone, and if he desired to raise any question as to that matter, he should have brought it to the attention of the circuit court, and having failed to do so, it is too late to urge it here.

The judgment is affirmed, with costs.

*Harrison* and *Nave,* for appellant.

*Overstreet* and *Hunter,* for appellees.