JOSEPH VICKERY

*v.*

WILLIAM McCLELLAN *et al.**

61   311
32a  628

1.  ATTORNEY—*authority to discharge judgment.* Where desperate claims are put into the hands of an attorney for collection, with information that the defendant can not pay anything and that the plaintiffs had offered to take sixty cents on the dollar, and with instructions to take the claims and do the best he can with them, but giving him no specific directions, such instructions fully authorize the attorney, after judgment, and execution returned no property found, to settle the claims and discharge the judgment upon the receipt of fifty cents on the dollar.

2.  SETTLEMENT—*ratification unnecessary.* Although an attorney, by virtue of his general character as such, has no power to discharge his client's judgment by receiving a less amount or anything but money in satisfaction thereof, yet, where he has a special authority so to do, and does it, no subsequent ratification is necessary.

3.  JUDGMENT—*how discharged.* Where an attorney has authority to discharge judgments for less than the full amount, and in doing so makes an assignment thereof without recourse, to a third party, entering on the docket receipts for the amount paid as per assignment, instead of an entry of discharge, his clients can not complain, for the acceptance of the money by authority is a satisfaction of the judgments as to them.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. SHAW & CRAWFORD, for the appellants.

Mr. GEORGE W. PLEASANTS, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The appellants respectively recovered judgments amounting in all to $2552.16 against the appellee, McClellan, in the Henry county circuit court at the October term, 1862, and sued out executions thereon within a year, which were duly returned wholly unsatisfied.

---

* The cases of *Isaac Vickery* v. *McClellan et al.*, and Harvey Vickery against the same, are considered in this opinion.

312          VICKERY *v.* McCLELLAN *et al.*          [Sept. T.,

Opinion of the Court.

Some time in the year 1865, while the lien of said judgments was in full force, Jerome B. Carpenter, as the attorney of appellants, for fifty per cent of the face of the judgments paid by one Morse, with the consent and in the interest of the defendant, executed to said Morse what purported to be assignments without recourse of these judgments, and entered upon the judgment docket receipts for the amount thereof, as per assignment to John Morse, and afterwards absconded with all the money. McClellan, in the summer of 1866, repaid to Morse the amount which he had paid to Carpenter, without interest, but to his full satisfaction.

A few months thereafter, November 10, 1866, appellants filed their bills to declare the liens of said judgments in full force, to cancel the said entries in the judgment docket and to obtain executions.

The question in the case is, whether or not this disposition of the judgments by Carpenter was authorized or ratified by his clients, the appellants.

An attorney at law, by virtue of his general character as such, has no power to discharge his client's judgment by receiving a less amount or anything but money in satisfaction. *Nolan* v. *Jackson*, 16 Ill. 273 ; *Miller* v. *Edmonston*, 8 Blackf. 292 ; *Wilson* v. *Wadleigh*, 36 Maine, 499 ; *Pennison* v. *Patchin*, 5 Verm. 352.

Was there any special authority in this case ?

The appellants were laborers, residing at remote points in the Wisconsin pineries, one of them spending a portion of the time in Maine.

On the 19th day of August, 1862, they placed the notes, upon which the judgments were obtained, in the hands of Carpenter for collection. Morse was present at the time. He testifies that they told Carpenter that McClellan could not pay anything ; that they had offered to take sixty cents on the dollar ; and that they told Carpenter to take the notes and do the best he could with them, not giving him any specific directions.

The notes were long past due.

The receipts Carpenter gave for the notes expressed that they were to be collected if possible, by him, and no fees to be charged if not collected; if collected, twenty-five per cent fees to be charged on what was collected.

It is evident that these were desperate claims against an insolvent debtor; that the appellants did not expect collection in full; that they regarded it as doubtful whether anything could be collected, and were unwilling to risk anything in efforts to that end.

In view of the circumstances, and the statements of appellants to Carpenter in the presence of Morse, that McClellan could not pay anything, that they had offered to take sixty cents on the dollar, and the direction to Carpenter to take the notes and do the best he could with them, we think Morse and McClellan were fairly entitled to believe that Carpenter was invested with a discretionary power to accept less than the amount of the judgments in their discharge, and that they were justified in acting on such belief and making the compromise they did, as a binding one on the appellants.

After the recovery of the judgments in October, 1862, and the return of executions wholly unsatisfied, the matter rested in that condition until October 7, 1864, when Carpenter wrote to the appellants that McClellan had just offered him fifty cents on the dollar, and requested them to write at once if they would take it, saying he thought it was about the best thing they could do. They replied October 15, 1864, through Joseph Vickery, that they were willing to meet McClellan on any reasonable terms, but the writer thought fifty cents on the dollar as little as McClellan could expect to get off with after paying Carpenter's fees and costs; said that he would submit it to his brothers as they were more interested; wanted Carpenter to get all he could; and thought if they could realize fifty cents on the dollar, and McClellan pay all costs and attorney's fees, it would be satisfactory.

314          VICKERY *v.* McCLELLAN *et al.*          [Sept. T.,

Opinion of the Court.

A subsequent letter from Joseph Vickery, of November 28, 1864, is of similar tenor.

These letters can hardly be regarded as a revocation or limitation of the authority implied in the direction given at the time of leaving the notes, to do the best Carpenter could with them ; and if they could, it not appearing that Morse and McClellan had notice of it, they would not be bound thereby. The letters purport rather to express the writers' opinions and wishes and to give advice, than to impose any limitation of authority. It appears, from Vickery's last letter, that he was laboring under a misapprehension as to the amount of Carpenter's fees, as he says, to take fifty cents on the dollar and pay Carpenter half of that, as he is informed the agreement was, would leave them but a small sum.

Carpenter, in his reply of December 7, 1864, corrects him as to the agreement for fees, and says he will do the best he can as if it were his own.

In Vickery's letter of October 15, 1864, he says he wants Carpenter to get all he can. This would seem to imply an authority to take fifty cents on the dollar if he could not get any more. This letter, read in connection with Vickery's letter of July 12, 1865, acknowledging the receipt of Carpenter's letter giving information of the settlement with McClellan for fifty cents on the dollar, and directing how to remit the money, wherein Vickery says, "I suppose it was the best you could do," seems quite clearly to manifest that it was the understanding of the authority given to Carpenter, to compromise the judgments upon the best terms he could.

We have no reason to question, from the evidence, that the terms of the settlement were as favorable to the appellants as could have been got.

But had there been no previous authority to make this compromise, there is evidence of a subsequent ratification of it. July 7th, 1865, Carpenter writes to the Vickerys, informing them that he had at last concluded to settle the McClellan matter for fifty cents on the dollar ; that he got only a part of

the money down, but he got it on short time with perfect se-
curity; that in thirty days he should have money to send them.

There are subsequent letters from the appellants, which are
admitted to amount to a full ratification but for the suppres-
sion of material facts claimed to have been made by Carpenter.

One material fact said to have been suppressed by Carpen-
ter is, that he received from Morse $708.31 on the 5th of
June, 1865. It is true, Carpenter does not disclose that fact
to his clients, but if he had done so we do not think it a cir-
cumstance which would have affected the determination of the
appellants in their ratification of the settlement. The money
was paid June 5th, and Morse's note at sixty days taken for
the residue. July 7th Carpenter writes, saying he gets only
a part down; that in thirty days he should have money to
send them; at that time Morse's note would mature. The
defendants were scattered and entitled severally to the money.
To wait, in order to remit the whole at one time, might have
been a matter of convenience. Carpenter's letter does give
appellants to understand that he had got a part down, but the
omitting to send that or to inform them of its amount does
not seem to have excited any uneasiness or suspicions as to
the honesty or responsibility of Carpenter, and information of
the amount received June 5th, we have no reason to think,
would have done so.

The other suppression of a material fact is claimed in this:
That Carpenter, in a communication to Morse, just previous
to the receipt of the money from him and his note, says that,
where a man has money to invest, he can collect the whole
claim of McClellan, and details circumstances in regard to
McClellan's property. And this information Carpenter did
not communicate to his clients. But in the same communi-
cation he states that neither the Vickerys nor himself could
make the claim out of McClellan because they had not the
money to do so.

Mr. Crawford seems to have made an especial examination of
the affairs of McClellan with the view of making an offer to

purchase the judgments, and the very best offer he would make was fifty cents on the dollar, half cash, and the balance in sixty and ninety days, without interest.

The appellants appear, from the evidence, to have been very well acquainted with the facts in relation to McClellan's pecuniary condition.

Joseph Vickery, in his letter of November 28, remarks that he thinks the whole claim can be realized; thinks McClellan has property enough to pay, and should be made to pay, but is willing to take fifty cents on the dollar if they can get it free of all costs.

We do not think there has been any such withholding of material facts as to do away with the effect of a valid ratification, were it necessary to resort to that in order to sustain the transaction in question.

Much has been said upon a want of authority to make an assignment of the judgments, which it is unnecessary to consider, as the acceptance of the money, if authorized, was a satisfaction of the judgments.

The decree of the court below dismissing the bill must be affirmed.

*Decree affirmed.*