Nov. Term,
1856.
———
ATKINSON
v.
GWIN.

ATKINSON *v.* GWIN.

Where a party would avail himself of erroneous instructions given by the Court below, upon appeal, he must have excepted to such instructions at the time they were given, unless the record show that time was allowed him for that purpose.

Where the evidence is not set out in the record; and the instructions complained of are not clearly erroneous under every supposable state of facts, this Court will presume that the instructions were pertinent to the case made by the evidence.

When the evidence is not made a part of the record, this Court will presume that a motion for a new trial was correctly overruled by the Court below.

*Saturday,*
*December* 13.

APPEAL from the *Hancock* Circuit Court.

*Per Curiam.*—*Gwin* sued *Atkinson* for an assault and battery, averring special damages. The pleadings led to issues of fact. Trial by jury; verdict and judgment for the plaintiff for 150 dollars. *Atkinson* appeals.

The errors assigned are—1. That the Court erred in the instructions given. 2. In overruling the motion for a new trial.

The first error cannot be noticed for two reasons— 1. The instructions should have been excepted to at the time they were given; unless the record show that time was given, &c. 2 R. S. p. 112, s. 325.—*Id.* p. 115, s. 343. The record does not show that any exception was taken. 2. This error cannot be noticed for another reason. As the evidence is not in the record, we will presume in favor of the ruling below, that the instructions were pertinent to the case made by the evidence, as they are not clearly erroneous under any state of facts.

The second error assigned is for overruling the motion for a new trial. As the evidence is not in the record, we cannot say whether the ruling was erroneous or not. The presumption is, in such cases, that the action of the Court was correct.

The judgment is affirmed with 10 per cent. damages and costs.

*T. D. Walpole, D. S. Gooding,* and *R. L. Walpole,* for the appellant.

*J. W. Gordon* and *R. A. Riley,* for the appellee.