May Term,
1859.

SIMONTON
v.
THE HUNT-
INGTON, &c.,
PLANKROAD
COMPANY.

SIMONTON *v.* THE HUNTINGTON AND LIBERTY MILLS PLANKROAD COMPANY.

Cause tried *October* 12, 1855. Order by the Court, upon overruling a motion for a new trial, that the defendant should file his bill of exceptions to that ruling in sixty days. Bill filed *January* 4, 1856. There was nothing to show that it was then filed by leave of Court. *Held*, that the errors assigned could not be considered.

*Thursday,
June 2.*

APPEAL from the *Wabash* Court of Common Pleas.

HANNA, J.—This was a suit upon a subscription of stock. Judgment for the plaintiff.

Many errors are assigned, based upon the rulings of the Court, as set forth in a bill of exceptions referred to by the appellant as a part of the record.

The case appears to have been tried about the 12th of *October*, 1855. The Court, upon overruling a motion for a new trial, ordered that the defendant should file his bill of exceptions to that ruling, in sixty days. The defendant filed a paper of that character on the 4th of *January*, 1856, which is incorporated in the record as a part thereof; but there is nothing showing that it was then filed by leave of the Court.

In *Bradstreet ex parte*, 4 Peters, 102, it is said by the Supreme Court of the *United States*, that, "If the party intends to take a bill of exceptions, he should give notice to the judge at the trial; and if he does not file it at the trial, he should move the judge to assign a reasonable time within which he may file it. A practice to sign it after the term, must be understood to be a matter of consent between the parties, unless the judge has made an express order in term, allowing such a period to prepare it."

The reason given in that case for requiring bills to be signed in such time is, that "It would be dangerous to allow a bill of exceptions of matters dependant on memory, at a distant period, when he [the judge] may not accurately recollect them. And the judge ought not to allow it."

This ruling is followed in 4 How. 4, and 16 *id.* 14.

The reasoning is applicable in the case at bar. Our

statute, 2 R. S. p. 115, requires that "The party objecting to the decision, must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the Court."

Under this statute, the time fixed by the judge must be reasonable, and within that period the bill should be prepared and submitted to the judge, and not afterwards. If submitted to him afterwards, he is not, under ordinary circumstances, obliged to sign it, but if he does so, it can be filed only upon leave given.

Under this view of the case there is nothing before us, upon the assignment of errors, for our consideration.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. U. Pettit* and *C. Cowgill*, for the appellant.