BLACK and Another *v.* DAGGY.

The note of the clerk of the Court below upon the transcript, is no part of the record.

The Supreme Court will presume in favor of the legality of the proceedings below, where the contrary is not shown by the party complaining thereof.

Nov. Term,
1859.

BLACK
v.
DAGGY.

Saturday,
December 10.

Where the record does not contain the evidence, the Supreme Court will presume in favor of the impropriety of an instruction, if any state of facts might have existed to which such instruction would have been applicable.

APPEAL from the *Putnam* Court of Common Pleas.

HANNA, J.—Suit on an account for money had and received, for money paid, laid out, &c., for work, labor, and materials, for goods, &c., and for balance due on settlement.

Answer, first, a general denial; second, by way of counterclaim, that plaintiff was indebted in the sum, &c., for balance due on pork delivered to plaintiff.

Reply, in denial.

The first error assigned is, in relation to the suppression of depositions. The record made by the clerk shows that on motion depositions were suppressed and the ruling excepted to; but there is no bill of exceptions informing us what depositions were so suppressed, nor for what cause. There is a bill of exceptions showing that the defendants read to the jury the parts of the depositions of *Isaiah Mansur* and *David Macy*, not heretofore suppressed. The bill of exceptions does not inform us what part was, and what was not suppressed. At the end of certain of the answers, the letter Q, is placed, and the letter O at the end of the balance. A note by the clerk is inserted, stating that Q denoted answers suppressed, and O, those not. This note cannot be regarded as any part of the record; nor does the additional statement of the clerk, that the bill of exceptions which was taken at the time of the suppression of the depositions, was lost, give any greater force to the said note. The record cannot be supplied in that mode.

The second error assigned is in striking out the testimony of said *Mansur* and *Macy*, and in directing the jury to discard the same.

In *Reese* v. *Beck*, 9 Ind. R. 239, in reference to the suppression of depositions, it was held, that the party complaining of a decision must show it to be wrong; and that in this Court the presumption is in favor of the action of the Court below. As the cause for the suppression of a

portion of the depositions of *Mansur* and *Macy* is not shown, we are left in the dark as to how far that motion affected the depositions as a whole, and, indulging the same presumption in favor of the further action of the Court, in striking out the balance of said depositions as irrelevant, we must conclude that the motion to suppress, for whatever cause entertained, was so entertained to all the parts of said depositions which otherwise would have been relevant to the issues then being tried, and consequently that the ruling on the motion to strike out, was right, for the reason that it is apparent that a part of the answers were irrelevant.

The third, fourth, and fifth errors assigned, are based upon the rulings of the Court in giving and refusing instructions.

The evidence is not in the record.

Of the instructions given, only three were so excepted to as to enable us to examine the questions arising thereon. They are as follows:

"That if the jury believe from the evidence that the money advanced by plaintiff to defendants was procured from another, where a higher rate of interest than 6 per cent. is allowed, and that it was agreed between plaintiff and defendants, that such higher rate of interest should be paid for all moneys advanced by plaintiff to defendants in purchasing, slaughtering, packing, and shipping their pork, then such higher rate of interest should be allowed to the plaintiff by the jury."

"If the jury believe from the evidence that the money used by the defendants, in purchasing, slaughtering, packing, and shipping their pork, was to be borrowed by plaintiff for them, in the state of *New York;* and that it was agreed between them, plaintiff and defendants, that the money would be subject to a charge of one and a half per cent. for commission; and that the money so borrowed by plaintiff for defendants, was chargeable with such commission, then the jury should allow such commission to plaintiff."

"That if the parties meet together and employ a third party to cast up the accounts between them, and the ac-

counts are examined by them *pro* and *con.*, and no objection made by either party, and the said third party casts up a balance against one of the settling parties, that balance is presumed to be correct *prima facie.*"

As the evidence is not in the record, the only remaining error assigned, so far as it might be based upon the evidence, cannot be considered, namely, that the Court erred in refusing a new trial; therefore, the disposition of the questions arising upon the above-quoted instructions, will conclude our investigations.

In addition to the instructions above set forth, there was one given to the jury, to the effect, that interest at a greater rate than 6 per cent., was illegal in this state; and that charges of illegal commissions could not be recovered.

As to the third instruction above quoted, we cannot perceive any objection to it.

The other two instructions, when taken in connection with the fourth one alluded to, and given at the instance of the defendants, we think, presented to the jury the question of whether an arrangement or subterfuge had been resorted to, to avoid the usury laws of the state. The jury were told the rate of legal interest in this state, and as the evidence is not in the record, informing us of the state of facts to which the other instructions would apply, we must presume in favor of the action of the Court, if any state of facts might have existed making such instructions legal.

We are not prepared to say that the plaintiff might not have been acting under an agency or commission for the defendant, in obtaining for, and advancing money to him, for the purchase, &c., of hogs.

As before stated, the evidence is not before us, and, as such a state of facts might have been shown as would make the instructions correct, we must presume they were so shown.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

—— *Hathaway*, for the appellant.

—— *Williamson* and —— *Daggy*, for the appellees.