$G. O. Behm$, for appellant.

$H. W. Chase$ and $J. A. Wilstach$, for appellee.

---

## PECK $v.$ VANKIRK.

Where leave is given by the Court to file a bill of exceptions after the term,
the record must show that it was filed within the time limited.

A bill of exceptions is no part of the record, unless the record shows when
it was filed.

APPEAL from the $La$ $Grange$ Circuit Court. *Monday,*
*December 3.*

DAVISON, J.—This was an action, by the appellee, who was
the plaintiff, against $Peck$, to enjoin proceedings upon a writ
of execution. There was a verdict for the plaintiff; upon
which the Court, over a motion for a new trial, rendered
judgment.

The record shows that the cause was tried on $April$, 16,
1857. And that the Court, a new trial having been re-
fused, granted the defendant leave to file a bill of exceptions,
within thirty days. There is, in form, a bill of exceptions set
out in the record; but it does not appear when it was filed.
And, for that reason, the appellee moves the Court to strike it
from the record. The code provides: "That the party object-
ing to a decision, must except at the time it is made; but time
may be given to reduce the exception to writing, but not be-
yond the term, unless by special leave of the Court." 2 R. S.,
§ 343, p. 115. In this instance, the leave, evidently, extended
"beyond the term," and it seems to us, that the record ought

to show that the bill of exceptions was filed within the prescribed time.   12 Ind. 380.   We are inclined to hold, that a bill of exceptions is no part of the record, unless the record shows when it was filed.   *Kitchen* v. *Moye*, 17 Ala. 143; *Haden* v. *Brown*, 22 *id.* 572.   The appellee's motion must be sustained; and the result is, there is no error in the record.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. M. Flagg*, for appellant.

*R. Parrett*, for appellee.