Nov. Term.
1861.

WALDO
v.
RICHTER.

*J. Morrison* and *C. A. Ray*, for the appellees.

---

WALDO and Another *v.* RICHTER.

Suit on a note and to enforce a mechanic's lien. The note was executed by *W.*, but the complaint averred that it was given for work performed and materials furnished at his request, as agent for his wife, in the erection of a house on her property. The defendants answered separately : *W.* by denial and payment; his wife by denial, and that she was a married woman, the wife of *W.;* that the premises described were her "own individual property, in her own right, in fee, and not liable for the payment of *W.'s* debt, being the claim sued on." The plaintiff replied to the second paragraph of the answer of *W.*, and demurred to the second paragraph of the wife's answer. Trial, and finding for plaintiff against both defendants ; order of sale, &c., without any disposition of the issue of law raised by plaintiff's demurrer.

*Held*, that as to the wife the proceedings were erroneous, as the issue of law should have been disposed of before the trial of the issues of fact.

Thursday,
February 6.

APPEAL from the *Marion* Common Pleas.

HANNA, J.—Suit on a note and to enforce a mechanic's lien. The note was executed by said *Waldo*, but it is

averred that it was made in consideration of work done and materials furnished, at his request, as the agent and husband of, &c., in the erection of a building on, &c., the property of said wife.

The defendants answered separately: by *Waldo*, denial and payment; by his wife, denial, and that she was a married woman, the wife of said *Waldo;* that the premises described, &c., are her "own individual property in her own right, in fee, and not liable for the payment of the debt of *Wa'do*, being the claim sued on."

The plaintiff replied to the second paragraph of *Waldo's* answer, and demurred to the second paragraph of his wife's.

There does not appear to have been any disposition of the issue of law. The issues of fact were tried by the Court; finding and judgment for the plaintiff, against both defendants, and that the property be sold to satisfy said lien.

As to the female defendant, the proceedings appear to have been erroneous. The issues of law should have been disposed of before the trial of the issue of fact. *Gray et al.* v. *Cooper*, 5 Ind. 506; *Kegg et al.* v. *Welden*, 10 Ind. 550. Indeed the issues of fact were not ready for trial. If the demurrer had been sustained the answer might have been amended until it would have tendered a material issue of facts. If the paragraph of the answer had been considered bad, still the demurrer might have searched the pleadings further for a defect to have rested upon, and thus have enabled the defendant to test the validity of the complaint.

*Per Curiam.*—The judgment, against the female defendant, and as to the lien, is reversed, as to *Waldo*, it is affirmed, at the costs of the appellee.

*T. D. & R. L. Wa'pole*, for the appellant.