## EHRMAN *v.* KRAMER.

SHERIFF'S SALE—TRUSTS.—A and B were parties to a bill of exchange, which was drawn by A, payable to his order at the C. bank, and accepted by B. The bill was made by A and B for their equal benefit, and was discounted by said bank for their benefit, each receiving one half of the proceeds thereof, and each agreeing that he would pay one half of the same when it became due. Before the bill became due, A deposited in the hands of B cash securities, bills, notes and accounts on divers persons, to an amount sufficient to pay his portion of the bill when the same became due, which were collected by B. B did not pay the bill when it

became due, but suffered a suit to be brought on it, and a judgment to be rendered against himself and A, for the amount thereof, with interest. Afterwards B caused an execution, issued on the judgment, to be levied upon the land of A, which was sold by the sheriff by virtue of said execution and levy, and was purchased at such sale by B.

*Held*, that it was the duty of B to pay the bill when it became due; that after having permitted the debt to pass into judgment and become a lien on the land of A, it was the duty of B to pay the judgment and discharge the lien, and this duty was inconsistent with the character B assumed as a purchaser of the land.

APPEAL from the *Vanderburgh* Circuit Court.

RAY, J.—Action by the appellee to recover possession of real estate. The appellant answered that on the 9th day of *May*, one *Wheeler*, president of the *Canal Bank*, recovered a judgment for the use of said bank against the said plaintiff and the defendant, by default, for the sum of $302 75, besides costs of suit, taxed at $——; that the basis of said suit and judgment was a domestic bill of exchange drawn by the plaintiff and accepted by the defendant for the sum of $300, payable at said bank, two months after date; that said bill, so drawn and accepted as aforesaid, was delivered to the said bank to renew a former indebtedness of this defendant to said bank for the sum of $150, and also to enable the said plaintiff to receive from the said bank the sum of $150 as a loan, and that although the said bill of exchange was drawn as aforesaid by the plaintiff, and accepted by the defendant, yet the same was in fact their joint debt, and was made and discounted at said bank for the equal benefit of the said plaintiff and defendant, each receiving the sum of $150, of the proceeds of the said bill.

The defendant further avers, that a few days before the said bill of exchange became due, he delivered to the said plaintiff notes and accounts upon divers persons in the city of *Evansville*, to the amount and value of $280, which the plaintiff received, and then and there promised the defendant to collect the same and to pay off and take up the said bill when the same should become due; and although the plaintiff collected the said notes and accounts so

transferred to him by the defendant, yet the plaintiff fraudulently neglected and refused to pay off and take up the said bill of exchange, as he had agreed to do, and suffered the same to be protested for non-payment, and to go into suit and judgment as aforesaid. The defendant further avers that at the time the said judgment was rendered the plaintiff appeared in court, without any notice to, and in the absence of, this defendant, and fraudulently procured the judgment to be rendered against this defendant as principal and himself as surety, with an order that the defendant's property should first be sold to satisfy the same; that afterwards the said plaintiff, as the defendant is informed and believes, fraudulently caused an execution to be issued upon the said judgment, by virtue of which the premises in said complaint described (which were then the property of the defendant) were levied on and sold by the sheriff of *Vanderburgh* county for the sum of $25, to *John A. Reitz, John A. Haney* and the said plaintiff; that in accordance with said sale, on the 26th day of *July*, 1862, the premises were conveyed to them by the said sheriff by a deed in due form of law, a copy of which is filed as a part of the answer. And the defendant further avers, that the said plaintiff has no interest in or title to the said premises except by virtue of the said judgment and sale and the conveyance so made by the said sheriff, which the defendant avers to have been and to be wholly fraudulent and void as to the said plaintiff. The answer concludes with a prayer that the sheriff's deed, as to the said plaintiff, may, by a decree of the court, be set aside and decreed to be null and void, and that the defendant's title to the said undivided third part of said land and premises may be quieted, and for all other proper relief. A copy of the sheriff's deed is set out in the record.

To this paragraph the appellee filed a demurrer, which was sustained, and the appellee had judgment, to which the appellant excepted. The appellant, by leave of the court, filed a second paragraph of his answer, which is as

follows: "The defendant, for further answer, says that on the 12th day of *February,* 1861, the defendant and plaintiff became and were parties to a domestic bill of exchange for the sum of $300, the defendant being the drawer and the plaintiff the acceptor, which was and is in the words and figures following, to-wit:

"EXCHANGE FOR $300."

"EVANSVILLE, IND., *February* 12, 1861."

"Two months after date of this only bill of exchange, pay to the order of myself, at *Canal Bank,* $300, for value received, without relief from valuation or appraisement laws. The drawers and acceptors severally waive protest and all notice of non-payment of this draft. Charge to account of your obedient servant. "PHILIP KRAMER."

"To E. J. EHRMAN, *Evansville, Ind.*"

"Accepted. E. J. EHRMAN."

"That said bill of exchange was made by the agreement of the said parties, and was on said 12th day of *February,* discounted by the said bank for their mutual benefit, each receiving the sum of $150, the proceeds of the same; that it was then and there agreed that, as the said bill of exchange had been made and discounted for the benefit of the said parties, each should pay one-half of the same, whenever it should become due and payable. The defendant further avers, that before the time when the said bill became due, to-wit: on the 1st day of *April,* 1861, the defendant deposited in the hands of the plaintiff cash securities, viz, bills, notes and accounts, to the value of $280, and the plaintiff then and there, in consideration of the premises, undertook and agreed, to and with the defendant, to pay off and take up the said bill of exchange when the same should become due; that the plaintiff fraudulently neglected and refused to take up the said bill, and suffered a suit to be brought and a judgment to be rendered thereon against both the plaintiff and this defendant,

by default, in the Court of Common Pleas of *Vander-burgh* county, on the 9th day of *May*, 1861, for the sum of $302 75, being the amount of said bill with the interest thereon. This defendant further avers, that afterwards, on the —— day of ——, 1862, the plaintiff, with intent to cheat and defraud this defendant, fraudulently caused an execution to be issued upon the said judgment to the sheriff of said county, and fraudulently caused the same to be levied upon the premises in the plaintiff's complaint described, which were then the property of this defendant, and were of the value of $2,000; that afterwards, by virtue of the said execution and levy, the premises were sold by the said sheriff, and were fraudulently purchased by the said plaintiff for the sum of $25; and that afterwards, to-wit: on the 26th day of *July*, 1862, in pursuance of said sale, the plaintiff fraudulently procured the same to be conveyed by the said sheriff, by a deed in due form of law, to *John A. Reitz, John A. Haney* and the said plaintiff, a copy of which said deed is filed herewith, as part of this answer. And the defendant further avers that the said plaintiff has no title to, nor interest in, the said premises, except by virtue of the said sale and conveyance so made by the said sheriff, and which the defendant avers to be wholly fraudulent and void as to the interest of the said plaintiff in the said premises. The defendant therefore prays that the said sheriff's deed may, by a decree of this court, be set aside and adjudged fraudulent and void as to the said plaintiff, and that the title of the defendant to the said undivided one-third part of the said premises demanded by the plaintiff may be quieted, and for all other proper relief."

The appellee filed a reply alleging that the judgment mentioned was obtained upon due service upon both defendants, and that before judgment said *Kramer* appeared and filed an answer, alleging that he was the surety of *Ehrman* upon said bill of exchange, and upon default the court so found, and decreed that the property of *Kramer*

should not be resorted to until the property of *Ehrman* had been exhausted; that execution had been issued upon the judgment and upon a sheriff's sale thereon the property was purchased by said plaintiff and others, and that he acted in good faith. To this reply a demurrer was overruled, and judgment for the plaintiff was rendered for the possession of the premises.

It will be observed that the appellee does not deny that he received certain claims upon third parties from the appellant, and agreed in consideration thereof to pay the bill of exchange when the same should become due. So far as that issue was involved, it was of no importance whether or not he was simply surety for the plaintiff upon the bill of exchange. The question remains whether, having received funds from the appellant to discharge a debt owing by appellant, and having assumed to pay the debt, the appellee may stand by and permit judgment to go upon the indebtedness, and purchase in appellant's property, and hold the title for his own benefit.

In the case of *Oldham* v. *Jones et al.*, 5 B. Monroe 458, where an agent appointed to pay taxes on the land of a non-resident suffered the same to be sold for taxes at a small price and bought it himself, it was held that his purchase was in trust for the benefit of the owners. In the case of *The Bank of Orleans* v. *Torrey et al.*, 7 Hill 260, it was said that the rule of equity that one placed in a situation of trust and confidence in reference to the subject of a sale cannot be a purchaser on his own account, is not confined to a particular class of individuals, such as guardians, trustees and solicitors, but applies to all persons coming within its principle, and that where a bank was bound to pay off a mortgage and relieve the property of a third person from sale under a decree of foreclosure, and the bank failed to pay the debt, and the mortgage was in consequence foreclosed and the cashier of the bank purchased the property, it was held that he acted for the bank, and that the

purchase was improper and should be set aside.   In the same case, in 9 Paige's Ch. R. 648, it is said: "It is a rule of equity of universal application, that no person can be permitted to purchase an interest in property where he has a duty to perform which is inconsistent with the character of a purchaser." It was the duty of the appellee to pay the bill when it became due.   After having permitted the debt to pass into judgment and become a lien upon the land of the appellant, it was the duty of the appellee to pay the judgment and discharge the lien.   That duty was inconsistent with the character he assumed as a purchaser of the property.

The judgment in this case is reversed, with costs, and the court below is directed to overrule the demurrer to the first paragraph of the answer, and to sustain the demurrer to the reply to the second paragraph of the answer.

*A. L. Robinson,* for appellant.

*A. Iglehart* and *J. J. Chandler,* for appellee.