*J. H. Stotsenburg, T. M. Brown,* and *J. G. Howard,* for appellants.

---

## SHOVER and Another *v.* JONES and Another.

PRACTICE.—*Supreme Court.*—*Assignment of Error.*—An assignment of error, "that the court erred in finding for, and rendering judgment for, the defendant, when said finding and judgment should have been for the plaintiff," is too indefinite to present any question upon the record to the Supreme Court.

SAME.—*New Trial.*—Where no written cause for a new trial appears by the record to have been filed by a party, no question is presented to the Supreme Court by an assignment, that the court below erred in refusing to grant such party a new trial.

APPEAL from the Wayne Common Pleas.

ELLIOTT, J.—This was a complaint filed by the appellants for a new trial of a cause to revive a judgment, in which a judgment of revival had been entered at a previous term of the court.

The errors assigned are as follows:

"1st. The court erred in finding for, and rendering judgment for, the defendants, when said finding and judgment should have been for the plaintiffs.

"2d. The court erred in refusing to grant the plaintiffs a new trial."

The first error assigned is too indefinite to present any question upon the record to this court. If the finding of the court were not sustained by the evidence, that fact would constitute a proper cause, under the code, for a new trial;

and if such a motion were properly made, and overruled,. an assignment, that the court erred in overruling the motion, would present the question.

The second assignment of error is proper in form; but the record fails to show that a motion for a new trial was made as required by the statute.

The record, after stating the finding of the court for the defendants, continues thus: "Whereupon the plaintiffs move the court for a new trial of said cause, but the defendants objected, and the court sustained the objection, and refused to grant a new trial, and rendered judgment for the defendants," to which the plaintiffs excepted, &c.

The causes for a new trial are stated in section 352 of the code, and section 355 provides, that "the application must be by motion, *upon written cause*, filed at the time of making the motion." No such *written cause* appears to have been filed in the case, and hence no question is presented by the *second* assignment of error.

Judgment affirmed, with costs.

*J. Perry, G. Holland,* and *C. C. Binkley,* for appellants.

*C. H. Burchenal,* for appellees.