*D. Turpie, D. P. Baldwin,* and *E. Hughes,* for appellee.

---

### Ewing and Another, Administrators, *v.* Reno.

Supreme Court.—*Assignment of Error.*—An assignment of error, "that the court erred in finding a larger sum for the appellee than demanded by his answer," can raise no question, for the first time, in the Supreme Court.

Same.— *Conflicting Testimony.*—The Supreme Court will not weigh conflicting testimony of witnesses examined in the presence of the lower court.

APPEAL from the Jackson Circuit Court.

RAY, J.—Suit upon a note executed by the appellee to the appellants' intestate for three hundred dollars. Answer, set-off, by a note executed by the intestate, with one Ewing as surety, to the appellee, as administrator of an estate, for six hundred and twenty-seven dollars, dated September 28th, 1850, due twelve months after date. Reply, first, that defendant was not the party in interest. This reply was withdrawn before trial. Second, payment. Third, another action pending. Trial, and finding for appellee. Motion for new trial, on the ground that the finding is contrary to the law and the evidence, and that the finding is not supported by sufficient evidence.

The errors assigned are, the overruling the motion for a new trial, and that the court erred in finding a larger sum for the appellee than demanded by his answer. It is a cause for a new trial, that the damages are excessive; but such an assignment of error as the last one stated on this record can raise no question, for the first time, in this court.

We have examined the evidence on the trial, and regard the finding fully sustained. It is not insisted that there is not proof in its support, but we are asked to modify our rule in regard to conflicting evidence, and reverse where injustice has most probably been done. This rule would be the utmost latitude allowable in the judge presiding on the trial, and who could test by his own observation the value of the evidence given before the jury. To us, who can only look at the report of the testimony, with no information as to the conduct or appearance of the witnesses, it would be most deceptive.

The rule, so often announced as controlling in this court, has too long approved itself to the judgment of all appellate courts to be questioned.

Judgment affirmed, with five per cent. damages and costs.

*W. R. Marshall*, for appellants.

*J. E. McDonald, A. L. Roache, E. M. McDonald,* and *J. W. Nichol*, for appellee.