Miles *v.* Buchanan and Others.

*M. M. Milford,* for appellants.

*J. Buchanan,* for appellee.

---

## Miles *v.* Buchanan and Others.

RECORD.— *Clerk.*—Where one pleading is substituted for another, the clerk should not copy the original into a transcript of the record. Where the clerk is in doubt what papers form a part of the record, he should demand from the attorney for the appellant written directions and append the same to the

Miles *v.* Buchanan and Others.

record, to enable the Supreme Court to tax with costs the party liable for incumbering the transcript.

SAME.—*Judgment on Default.*—When the judgment is rendered upon default, the clerk should certify the summons and return, or the affidavit of non-residence and proof of publication. If the defendant appear, neither of these papers should be copied.

PRACTICE.—*Withdrawal of Pleading.*—When an answer has been filed and a demurrer sustained to one paragraph thereof, and a reply filed to other paragraphs, the plaintiff should take leave to withdraw his pleadings, before filing an amended complaint.

SAME.—*Demurrer.—Waiver.—Transcript.*—When a demurrer has been sustained to a pleading, an amendment thereof waives any error in the ruling on the demurrer, and the original pleading is not part of the transcript. A party, to render the ruling on the demurrer available, must stand on his pleading.

SAME.—*Submission.—Issue of Law Undisposed of.*—It is erroneous to submit a case for trial while a demurrer remains undisposed of, but the attention of the court must be called to the error by a motion for a new trial or in arrest of judgment.

SAME.—*New Parties.—Bill of Exceptions.*—After the submission of a case for trial, a motion to admit new parties cannot be granted until the submission is set aside; and the ruling on such a motion can only be presented in the Supreme Court by a bill of exceptions.

SAME.—*Submission Set Aside.*—After the submission of a cause, if it be discovered that an issue of law is undisposed of, the submission should be set aside.

SAME.—*Rejection of Pleading.*—Where, on motion, a reply is rejected, the ruling should be brought to this court by bill of exceptions, to avail the appellant.

SAME.—*Re-submission.—Waiver.*—Where parties by agreement submit a cause, which is already under submission for trial, any error in not having the former submission set aside is waived.

SAME.—*Defective Finding.—Judgment.*—Where judgment is rendered on a finding which does not cover all the issues, and no exception is taken to the form and character of the judgment when announced, and no motion is made after judgment has been rendered and entered on the order book, to correct it or set it aside, no available error can be assigned thereon in this court.

SAME.—*Affidavit.—Transcript.*—Affidavits to set aside a submission are not part of the transcript, unless made so by bill of exceptions or order of court and directed to be certified.

SAME.—*Judgment.—New Party.*—After judgment, a new party cannot be made to the action except a new trial be granted.

SAME.—*Bill of Exceptions.*—A bill of exceptions may be general, embracing everything that has been made a part of the record by bill of exceptions; or it may embrace but one question. The complaint, answer, reply, demurrers, all proper entries made by the clerk, and the process, where there has been judgment on default, are parts of the record to be certified without a bill of exceptions. The record, when filed on leave of court within a time limited, must

show a filing within the time given.   The clerk should copy in their proper order, the papers referred to where it is marked in the bill of exceptions "(here insert.)."   Where the bill of exceptions shows on its face that it does not contain all the evidence, where it should do so, it will not be considered upon the question of evidence.

SAME.—*Assignment of Error.*—Where it is assigned as error that the court overruled a motion for a new trial or in arrest of judgment, these assignments include all the reasons for a new trial or in arrest embraced in the motion. A ruling upon demurrer must be assigned for error.   So, also, where there was no demurrer to the complaint, and the question as to its sufficiency or as to the jurisdiction of the court is to be raised in the Supreme Court, it must be done by assigning the error upon the record.

APPEAL from the Grant Circuit Court.

BUSKIRK, J.—This was an action by the appellant against the appellees to recover the possession of certain leather and hides, which he claimed to own and was entitled to the possession, and which he alleged were wrongfully and unlawfully detained by the appellees.   After the record in this case was filed in this court, the death of Henry Pierce was suggested, and the administrator of his estate, Cimon Goldthait, was substituted as appellee.

The transcript in this case is a legal curiosity, and should be, in some form, perpetuated for the information of those who may hereafter be charged with the administration of justice.   It is a matter of profound wonder and astonishment how so many mistakes could be crowded into a record of only twenty-three pages.

The transcript commences by setting out the complaint, affidavit, writ of replevin and return thereon, and bond. There does not seem to have been any summons issued or served on the defendants.

It is next recited that a rule was entered against the defendants to answer, and in discharge of such rule the defendants filed an answer, "in these words."   The clerk has included in brackets these words: "[not on file]."   A rule is entered for a reply.   On the fifth judicial day, the plaintiff demurred to the third and fourth paragraphs of the answer, and replied to the first and second.   The demurrer was sustained to the fourth and overruled as to the third, and each party took an exception.

At this stage of the proceedings, the plaintiff asked and obtained leave to amend his complaint. There was no withdrawal by the parties or setting aside by the order of the court, of the answer, demurrer, ruling of the court thereon, or the reply, as there should have been.

The plaintiff then filed a substituted complaint, which is set out at full length. The substituted complaint was not sworn to, but no objection seems to have been taken for this omission.

The defendants then demurred to the complaint, which demurrer was overruled, and an exception was taken. The defendants then filed an answer in four paragraphs.

Thereupon the plaintiff filed a demurrer to the second paragraph of the answer, and at the same time moved to set aside the execution; and before any action was taken on the demurrer or motion, the plaintiff further moved to strike from the second paragraph of the answer the execution therein referred to, together with the levy thereon, for the reason that said execution was unauthorized and void.

The court sustained the demurrer, to which ruling the defendants excepted, and took leave to amend by filing an additional paragraph of answer. The defendants thereupon filed an additional paragraph, which was numbered five.

The plaintiff then filed a demurrer to the fifth paragraph of the answer.

The plaintiff then filed a denial to each paragraph of the answer. The court, without making any ruling on the demurrer or motion to strike out, continued the case, with leave to the parties to amend their pleadings.

At the next term of the court, the following entry was made on the order book in this cause.

"Come now the parties, and this cause, being at issue, is, by the agreement of parties, submitted to the court for trial, on complaint, pleadings, proof and argument of counsel, and the court, not being sufficiently advised, takes time to deliberate, and this cause is continued until the next term of the court."

At the next term of the court, Hiram Brownlee moved the court to be made a party, and filed his written application, which the clerk has copied into the record. The court overruled the motion, and Hiram Brownlee excepted, but no bill of exceptions was filed. We are next informed that the court sustained the demurrer which had been filed to the fifth paragraph of the answer twelve months before, to which defendants excepted; and thereupon the plaintiff filed a reply to the fifth paragraph of the answer, which is set out at full length.

Thereupon the defendants moved the court to strike out and reject the reply to the fifth paragraph of the answer. The court sustained the motion, and the plaintiff excepted, but the question was not reserved by a bill of exceptions.

The following entry is then copied into the transcript, namely:

"And this cause, being at issue, is submitted to the court for trial, and the court, after hearing all the evidence and argument of counsel, and due deliberation had, finds for the defendants as to one hundred and eighty dollars, and the said plaintiff is ordered to pay into court, for the benefit of Henry Pierce, one of said defendants, the sum of one hundred and eighty dollars. And it is ordered and adjudged by the court that defendants recover of and from said plaintiff said sum of one hundred and eighty dollars, together with the costs herein, taxed at $——. And the said plaintiff now prays an appeal to the Supreme Court, which the court grants and now allows to plaintiff ninety days to perfect and file bill of exceptions."

We are next informed that Hiram Brownlee, after the rendition of the above judgment, filed his written application to be admitted as plaintiff, and that after the payment of the mortgage mentioned in the complaint, the surplus should be decreed to be paid to him as the assignee in bankruptcy of William S. King, which motion was overruled, and the court gave, among other reasons for overruling the said motion, that said cause had been submitted at last term

of said court, when the evidence was heard and argument made. Thereupon, the plaintiff moved to set aside said submission, and in support thereof filed an affidavit, when one of the attorneys for the appellees filed an affidavit in opposition to the one filed by the attorney of the appellant. These affidavits are copied into the record by the clerk. The court overruled the said motion, and the clerk has copied into the record the reasons given by the court for refusing to set aside the submission. The case seems to have taken a new growth at this point, for we are next startled with the following entry: "It appearing that the reply to the fifth paragraph of defendants herein demurrer has been sustained, plaintiff, by leave, files his reply to the fifth paragraph of defendant Pierce's answer (here insert reply filed October 15th, 1869), which reply said Pierce moves to reject, which motion is sustained, and the said paragraph rejected, to which plaintiff excepted at the time. The parties, by agreement, then offered the following additional evidence." Then follows what purports to be some oral testimony, and some detached portions of the record in a suit wherein defendant Pierce had been plaintiff, and the said William S. King had been defendant; the balance had been lost. The history is very frequently interspersed with entries of this sort: (here insert), (which is lost), (not on file), (return not recorded), (the same was used as evidence before being recorded, Clerk), (which was not all the evidence in said cause, Clerk). Then follows the motion and reasons for a new trial, and overruling of such motion, and exception by plaintiff.

We are at this stage of the proceedings first reminded that this was intended as a bill of exceptions, by the following statement: "Plaintiff asks that this, his bill, be signed and made a part of the record, which is done this — day of December, 1869," and which was signed by the judge.

The clerk, after repeatedly stating in transcript that the record was imperfect and defective, finally certifies under his hand and seal of office, that the foregoing was "a full, true, correct, and complete transcript of the record of the pro-

ceedings and judgment of said court in the above entitled cause."

The following are the errors assigned: first, said court erred in rendering said judgment in favor of Pierce against said appellant, both as to costs and the judgment of said one hundred and eighty dollars, all of which said appellant avers was contrary to law and evidence; second, the court erred in overruling plaintiff's motion for a new trial; third, said finding and judgment is contrary to law and the evidence; fourth, the court erred in not allowing assignee of King to be made defendant.

There is also the following indorsed on the record:

"Comes now Hiram Brownlee, assignee of said King, who avers that said court erred in not allowing him to be made a party to said cause. Said court erred in ordering said money to be paid to said Pierce instead of to said assignee, for which said Hiram Brownlee asks that said cause be reversed.

HIRAM BROWNLEE, assignee of

W. S. KING."

We have thus gone through the record in this case for the purpose of making some practical suggestions that may be of service to the profession and to clerks. The practice in this court is very plain and simple, and readily and easily understood, and yet the conviction has been frequently forced upon us, that attorneys, that we know are sound lawyers, able advocates, and successful practitioners in the lower courts, have not rendered themselves familiar with the rules of practice in this court, and consequently present their cases here in so imperfect and defective a manner that we are forced to decide against them when the justice and merits of the cases are with them.

We will now point out what we regard as defects and errors in this record.

The clerk copies the original and substituted complaint. This is wrong, and against the plain and undoubted require-

ments of the statute. It is provided in section 549 of the code, 2 G. & H. 273:

"Neither shall the clerk certify any pleading first filed, when there is an amended pleading of the same matter subsequently filed, embracing all the pleading first filed, and the amendments thereto; but shall certify such amended pleading only."

The attention of counsel and clerks has been repeatedly called to this section, by this court, and yet the statute is continually disregarded. This imposes great expense upon litigants, and unnecessary labor on the members of this court.

It is provided by section 548, of the code, that the appellant may direct, in writing, what portions of the proceedings shall be certified. Whenever a clerk is in doubt as to what he should put in the record, he should require the appellant or his attorney to give him written directions, and should follow such directions, and append the same to the transcript as is provided in section 548.

The latter clause of section 549 reads as follows: "If the clerk should certify matter not material to the determination of the appeal, the Supreme Court may direct the person blamable therefor to pay the costs thereof."

The evil has become so great that we will be compelled to exercise the power vested in us by the above clause, unless there is a closer adherence to the statute.

Second. The clerk copied into the record the writ of replevin, and if there had been a summons issued as required by law, we presume it would have been copied. This should not have been done. By section 549 of the code, a summons does not constitute a part of the record when the defendant appears to the action, but where the defendant does not appear, and there is a judgment by default, then the process, whether by summons or publication, becomes a part of the record; and in making out a transcript in such case, the clerk should copy the summons and return, or the affi-

davit of non-residence, the notice, and proof of publication. *Ewing* v. *Ewing*, 24 Ind. 468; *Abdil* v. *Abdil*, 26 Ind. 287; *Cochnower* v. *Cochnower*, 27 Ind. 253; *Shields* v. *Cunningham*, 1 Blackf. 86; *Hays* v. *M'Kee*, 2 Blackf. 11.

Third. After an answer had been filed, and a demurrer had been sustained to one paragraph and a reply filed to two other paragraphs, the court permitted the plaintiff to file a substituted complaint. The correct and better practice would have been for the plaintiff to have asked leave of the court to withdraw his demurrer and reply, for the purpose of amending his complaint. If leave was granted, then the answer should have been withdrawn or stricken out by the court. But the amendment of the complaint, without withdrawing the subsequent pleadings, would supersede such pleadings, and they would have to be refiled or substituted by some other pleadings.

Leave might be granted to file an additional paragraph of the complaint, after an answer had been filed to the original complaint, without creating confusion, but it is otherwise where a substitute complaint is filed.

Fourth. When the court sustained the demurrer to the second paragraph of the answer, the defendants excepted and at the same time asked and obtained leave to amend such pleading. The amendment of a pleading to which a demurrer has been sustained waives any objection to the action of the court in sustaining the demurrer. To render an exception to the action of the court in sustaining a demurrer available, the party must stand upon his pleadings. *Cross* v. *Truesdale*, 28 Ind. 44.

Fifth. When this cause was first submitted to the court for trial, there was pending, undecided, a demurrer to the fifth paragraph of the answer. This was erroneous. *Gray* v. *Cooper*, 5 Ind. 506; *Waldo* v. *Richter*, 17 Ind. 634; *Anderson* v. *Weaver*, 17 Ind. 223; *The Cincinnati and Chicago Railroad Co.* v. *McFarland*, 22 Ind. 459; *King* v. *The State*, 15 Ind. 64; *Perrin* v. *Johnson*, 16 Ind. 72; *Kegg* v. *Welden*, 10 Ind. 550.

Miles *v.* Buchanan and Others.

But it was decided by this court in *Haun* v. *Wilson*, 28 Ind. 296, that going to trial of questions of fact while there was pending an issue of law, was such irregularity in the proceedings of the court as would be cause of reversal, if it was brought to the attention of the lower court by a motion for a new trial or in arrest of judgment, but if it was not thus assigned for a new trial or in arrest, it would be waived. Such is the condition of this cause, as such irregularity was not assigned for a new trial or in arrest of the judgment. No error can be assigned on it in this court.

Sixth. At the next term of the court, Hiram Brownlee filed his written application to be made a party.

This could not have been done until the submission of the cause had been set aside, but the matter is no part of the record. It could only be made such by a bill of exceptions.

Seventh. At the fall term of the court, this cause was submitted to the court for trial, and the evidence was heard, and argument had. At the next term of the court, without setting aside the submission, and before a finding was announced, the court announced a ruling on the demurrer that had been filed two terms before to the fifth paragraph of the answer. This was irregular. The court should have set aside the submission as soon as it was ascertained that there was an issue of law pending and undecided.

Eighth. The record shows that the court sustained the demurrer to the fifth paragraph of the answer, to which the defendants excepted. The record then shows that the plaintiff filed a reply to the fifth paragraph of the answer, being the same to which the demurrer had just been sustained. We presume that the court overruled the demurrer, and the clerk has got the entry wrong.

Ninth. The defendants moved to reject the reply, which motion was sustained, and the plaintiff excepted; but as the matter is not presented by a bill of exceptions, no error can be assigned on such ruling.

Tenth. The parties again submitted the cause to the court for trial, without having set aside the former submission; but

as this was done by agreement and without objection, any error that might exist is waived.

Eleventh. The finding and judgment of the court do not cover all the issues in the cause. It is alleged in the substituted complaint, that the appellant, being the security of William S. King on several notes, amounting to the sum of $——, executed a mortgage to him on the property in controversy, to secure him from loss; that he had been compelled to, and had paid said notes as such security; that the defendant Pierce had, subsequently to the execution of such mortgage, obtained a judgment against the said King, and had taken out execution thereon, and had caused the same to be levied upon the mortgaged property; that said King was insolvent; and that by the express terms of said mortgage he was entitled to the possession of the mortgaged property on default being made.

The same facts were alleged in the answer, with the additional fact, that after the plaintiff had obtained the possession of the said property, he had sold the same and had received therefor the sum of $——, which, after reimbursing him, left in his hands the sum of $——, which the defendant Pierce asked should be applied on his judgment. The finding of the court does not show that the plaintiff owned the property in controversy and was entitled to the possession of the same, nor does it show the value of the property. It simply found that the plaintiff should pay into court the sum of one hundred and eighty dollars, for the benefit of Henry Pierce, and on such finding rendered judgment against the plaintiff for that sum and costs of suit.

There was no objection made to the form and character of the judgment when announced, nor was any motion made, after the judgment had been entered on the order-book, to correct or set it aside, and consequently no objection can be urged to the judgment in this court. See *Smith* v. *Dodds*, 35 Ind. 452 and *Train* v. *Gridley*, ante, p. 241.

Twelfth. After the rendition of the judgment, the plaintiff moved to set aside the submission, and in support of such

motion filed an affidavit, and a·counter affidavit was filed on behalf of appellees. The clerk has copied such affidavits into the transcript, but this does not make them a part of the record. *Black* v. *Daggy*, 13 Ind. 383. It is·provided in section 549 of the code, as follows:

"But a transcript of motions, affidavits, and other papers, when they relate to collateral matters, and depositions, and papers filed as mere evidence, shall not be certified, unless made a part of the record by exception, or order of court, and directed to be certified by the appellant."

Thirteenth. Hiram Brownlee, after the rendition of the judgment, made a written application to the court to be admitted as plaintiff. This could not have·been done, unless a new trial had been granted. As long·as the judgment stood, all matters connected with and involved in·the·action were *res adjudicata*. But if the application had been made before submission and trial, it would not avail anything, as the matter could only be presented by a bill of exceptions, which has not been done.

Fourteenth. After applying all the rules of construction and interpretation to the confused and mixed up entry of the clerk, we are at last enabled to understand that the reply to the fifth paragraph of the answer was stricken out,.and the plaintiff excepted. The question has not been put upon the record by a bill of exceptions, the only way in which it could be done; no error can be assigned upon the ruling. See the decisions of this court collected in note 1, on page 208, 2 G. & H.

Fifteenth. We next come to consider the assignment of errors. There is but one valid assignment of error, and that is for overruling the motion for a new trial. The practice is quite common in this court for parties to assign for error here all the reasons for a new trial. This is wholly unnecessary. The assignment that the court erred in overruling a motion for a new trial, or in arrest of judgment, embraces and includes every valid reason set out in such motion. *The Bellefontaine Railway Company* v. *Reed*, 33 Ind. 476; *Shover* v.

*Jones,* 32 Ind. 141; *Ewing* v. *Reno,* 32 Ind. 149; *Lingerman* v. *Nave,* 31 Ind. 222; *Ehrman* v. *Kramer,* 26 Ind. 409; *Stilwell* v. *Chappell,* 30 Ind. 72; *Crowfoot* v. *Zink,* 30 Ind. 446. The ruling of the court upon demurrers does not have to be assigned for a new trial, and consequently such ruling has to be assigned for error here. *The Cincinnati and Chicago Railroad Company* v. *Washburn,* 25 Ind. 259; *Gray* v. *Stiver,* 24 Ind. 174. The same rule obtains where no demurrer was filed to the complaint, and the appellant desires to raise in this court the questions of jurisdiction and the sufficiency of the facts stated, and there must be a specific assignment of error embracing the point. *Livesey* v. *Livesey,* 30 Ind. 398.

Sixteenth. The assignment of error by Hiram Brownlee cannot be considered by this court. He is not a party to the record; nor did he put his application to be made a party upon record by bill of exceptions; and that not having been done, he cannot be heard to complain of the ruling of the court below.

Seventeenth. Finally, we come to the consideration of the question of whether any question is presented by the record involving the correctness of the ruling of the court in over-ruling a motion for a new trial.

The first question is, was there a bill of exceptions? A bill of exceptions may be general, embracing everything that has to be made a part of the record by such bill, or it may embrace but one question. The complaint, answer, reply, demurrers, all proper entries made by the clerk, and the process, where there has been a judgment by default, constitute a part of the record without being incorporated in a bill of exceptions. 2 G. & H. 273, sec. 549.

The circuit court of Grant county commenced on the 27th day of September, 1869. The final judgment was rendered in this case on the 17th judicial day of said term. On that day the appellant prayed an appeal to the Supreme Court, and asked and obtained ninety days in which to prepare and file a bill of exceptions. There is a paper copied into the record, which we presume was intended for a bill of ex-

ceptions, but it does not possess any of the requisites of a bill of exceptions, except that it is signed by the judge. The date of the signing is in blank. The record does not show that it was ever filed. The draftsman, instead of copying the paper into the bill, has adopted the usual form of saying "(here insert)," and the clerk, in making up the transcript, instead of copying the paper, has used the same formula, and says "(here insert)," but it is impossible for us, situated as we are, to make the insertion. It is expressly declared in the paper that it does not contain all the evidence, and this statement is strengthened and confirmed by an examination of the paper. Where leave is given by the court to file a bill of exceptions after the term, the record must show when it was filed, and that it was filed within the time limited. *Atkinson* v. *Gwin*, 8 Ind. 376; *Lawton* v. *Swihart*, 10 Ind. 562; *Simonton* v. *The Huntington, etc., Plank Road Co.*, 12 Ind. 380; *Roloson* v. *Herr*, 14 Ind. 539; *Peck* v. *Van Kirk*, 15 Ind. 159; *Maffett* v. *Pollard*, 19 Ind. 178; *Timmons* v. *Vancleve*, 19 Ind. 291.

Inasmuch as the record shows by affirmative allegations, and it appears upon its face, that all the evidence is not before us, we cannot reverse the case for the refusal of the court to grant a new trial. The judgment is very imperfect and defective, but as no objection was urged to it in the court below, we cannot reverse for that reason.

The judgment is affirmed, with costs.

*J. Brownlee* and *H. Brownlee*, for appellant.

*A. Steele* and *R. T. St. John*, for appellees.