NOVEMBER TERM, 1871. 55

The Louisville, New Albany, and Chicago Railroad Company *v.* Lafland.

## THE LOUISVILLE, NEW ALBANY, AND CHICAGO RAILROAD COMPANY *v.* LAFLAND.

PRACTICE.—*Bill of Exceptions.*—When time is given within which to file a bill of exceptions, and one is copied in the record without any evidence of being filed, it will not be regarded on appeal, and a question on the sufficiency of the evidence cannot be considered.

APPEAL from the Montgomery Circuit Court.

DOWNEY, J.—The appellee sued the appellant to recover the value of a mare, alleged to have been killed by the locomotive and cars of the appellant, at a point on its road where it was not fenced.

The defendant answered by a general denial. The cause was tried by the court, and there was a finding for the plaintiff. The defendant sought to obtain a new trial, on the ground that the finding was not sustained by the evidence; but the court refused to grant it, and rendered final judgment against the defendant. Sixty days were given by the court in which to file a bill of exceptions, and a bill of exceptions is copied in the record, but it is not shown when it was filed, or that it was ever filed.

The only error properly assigned is, that the court erred in overruling the motion for a new trial. As we cannot regard the bill of exceptions as properly in the record, because it does not appear to have been filed within the time allowed, we cannot decide the question sought to be raised as to the sufficiency of the evidence. *Peck* v. *Vankirk,* 15 Ind. 159.

The judgment is affirmed, with five per cent. damages and costs.

*S. C. Willson* and *L. B. Willson,* for appellant.