## James v. McConnell.

PRACTICE.—*Bill of Exceptions.—Time of Filing.*—Where time is given within which to file a bill of exceptions, and it does not appear that a paper purporting to be a bill of exceptions was filed within the time, it will not be regarded as in the record.

APPEAL from the Clay Common Pleas.

DOWNEY, J.—This was an action by the appellee against the appellant, who is a physician, for malpractice in his profession. She alleges that she was sick, that she employed the defendant to treat her, for a compensation to be paid, and that from his unskilful and negligent treatment of her she became salivated, resulting in great and permanent injury to her. After issues formed, there was a trial by jury, and a verdict for the plaintiff. A motion for a new trial was made by the defendant, which was overruled, he excepted, and final judgment was rendered against him. Sixty days were given him in which to file bills of exceptions. There are four bills of exceptions in the record. But it does not appear that any of them were filed within the time limited. They can not, therefore, be regarded as properly in the record. *The Louisville, etc., Railroad Co.* v. *Lafland,* 38 Ind. 55.

The questions argued are as to the sufficiency of the evidence, as to instructions given, and as to others refused. The questions are none of them so presented by the record as to enable us to decide them.

The judgment is affirmed, with costs.

*A. T. Rose* and *J. J. Stephenson,* for appellant.
*W. W. Carter* and *S. D. Coffey,* for appellee.