In the matter of the application for grant of letters of limited administration upon the estate of JEREMIAH LOTHROP and others.

A mortgagee is entitled to a grant of letters of limited administration on the estate of a deceased subsequent mortgagee of the same premises, who was a non-resident, no administration having been taken out here on his estate, but such administration will be limited to the proceedings already taken, or that may hereafter be taken in the pending foreclosure, or in any other supplementary proceedings for relief on the mortgage.

*Mr. J. R. Emery,* for the application.

THE ORDINARY.

The petitioner, who is the complainant in a suit in chancery of this state, for the foreclosure and sale of certain mortgaged premises, applies for the grant of letters of limited administration on the estate of Jeremiah Lothrop, the mortgagee named in a mortgage of the property subsequent to that of the petitioner, and John Balch and Mary B. Doyle, two of Lothrop's *cestuis que trust,* he being a mere trustee. They are all three dead. At their death they were all non-residents, and no grant of administration of their estates has been made in this state. Lothrop died in 1875, and the other two in 1871. On the estate of Lothrop, administration was granted in New York, and Balch left a will which was proved in New York, but no administration has been granted in this state on the estate of either. Mary Doyle died intestate, and no administration of her estate has been taken anywhere. The administrator of Lothrop and the executor of Balch were made parties to the suit in chancery and were proceeded against as absent defendants, but neither of them appeared.

The necessity for the existence of the power of creating such a representation as is now applied for in such cases as this, is obvious. Unless such power exist, a failure of justice will ensue. The petitioner cannot safely proceed with her suit to foreclose her mortgage in the absence of the representatives of the deceased

Lothrop's Case.

trustee and *cestuis que trust*, and she is unwilling and ought not to be required to furnish general administrators for the estates. Of the power of this court to grant the letters, I have no doubt. In England such letters are granted by the ecclesiastical court. *1 Williams on Exrs. 522, 523.* The powers of this court in granting letters of administration are not special or limited, but full and general. *Coursen's Will, 3 Gr. Ch. 408.* In England such letters as are now applied for are granted to a nominee of the applicant, and they are limited to the purposes of the suit. *Coote on Probate 122.* By statute (*15 & 16 Vict. c. 86 § 44*), the court of chancery in England is authorized to appoint an administrator *ad litem*, where necessary from want of a representative, or to proceed in the suit without representation. We have no such law. The letters will be granted. They will be limited to the purpose only of attending, supplying, substantiating and confirming the proceedings already had or which shall or may hereafter be had in the suit in the court of chancery, or in any other suit or suits which may hereafter be commenced in that or any other court for the relief sought by the bill in the suit in chancery, and until a final decree shall be made therein, and such decree be carried into execution, and the execution thereof fully completed, but no further or otherwise, in any manner whatever. The administrator *ad prosequendum* thus appointed will have no authority to receive any money realized on the mortgage which he represents, or the decree or execution.

NOTE.—If the administration granted be more limited than the purposes of the suit require, and it is in the plaintiff's power to obtain a more general administration, the court may require him to do so (*Faulkner* v. *Daniel, 3 Hare 199; Johnson* v. *Hodgens, Ir. L. R.* (*10 Eq.*) *525; Davis* v. *Chanter, 2 Phil. 545*).

In a suit to recover titles of a number of tenants and occupiers, one of the defendants had died, and there was no legal representative of him,—*Held,* that his widow might be appointed for that purpose, so far as the suit went (*Ely* v. *Gayford, 16 Beav. 561*).

On a general creditor's bill by the representative of a mortgagee, on behalf of himself and other creditors who may come in, an administrator *ad litem* is insufficient (*Groves* v. *Lane, 16 Jur. 854, 1061;* see *Despard* v. *Head, 2 Moll. 339*).

Pending the administration of an estate in England, a legatee domiciled in

Nova Scotia, died there, and his will was proved there, but the executors declined to prove in England.—*Held*, that the court could appoint an administrator to represent him in England, for the purpose of reviving the suit (*Bliss* v. *Putnam, 29 Beav. 20*).

F., a testator, died, having appointed three executors; two renounced, and the third, after taking probate, died intestate. All the residuary legatees renounced, and administration *de bonis non* was granted to K., a creditor. K. died, leaving personalty of F. unadministered. At the time of F.'s death, proceedings against him for the misappropriation of part of the funds were pending, and administration to represent K. in those proceedings was granted (*Day* v. *Thompson, 3 Sw. & Tr. 169;* also *Grant's Case, L. R. (2 P. Div.) 435*).

A party not heard from for more than seven years, was, if deceased, entitled to a share of a residuary estate, which had been paid into the court of chancery. He had no other property in England.—*Held*, that general administration would not be granted, but one limited to the proceedings in chancery to obtain such share (*Turner's Case, 3 Sw. & Tr. 476*).

A wife died in France, leaving personal estate there, but none in England; and it was alleged that, by the law of France, her husband, from whom she had eloped, could not establish his claim to her property there, without a grant from the English court.—*Held*, that the court had no jurisdiction to make such grant (*Tucker's Case, 3 Sw. & Tr. 585*).

In a suit instituted in chancery to administer on an estate, an amount was found due to the executors of a surviving trustee, and those executors appointed three persons attorneys to collect and receive such amount.—*Held*, that while they were not creditors so as to entitle them to general administration, they had such an interest as authorized the court to appoint their nominee as limited administrator (*Frampton's Case, 9 Jur. (N. S.) 755*).

Pending a bill for relief against several directors of a corporation, for an alleged breach of trust, one of them died, leaving, as appeared, a will, appointing his widow executrix; but she had not seen the will, and did not know its contents, nor had his solicitors of record been instructed since his death.—*Held*, that the court would, on the plaintiff's application, appoint a person, consenting to act, to represent such defendant in the suit, unless the solicitors or widow should appear, after notice, and elect to represent the decedent's interest (*Joint Stock Co.* v. *Brown, L. R. (8 Eq.) 376*).

After a decree for an account had been rendered against two trustees, one of them died intestate, and, as was alleged, insolvent.—*Held*, that no limited administration need be taken out on such estate (*Moore* v. *Morris, L. R. (8 Eq.) 139*).

A tenant for life died after obtaining a decree for arrears of income due to him. He left a will, but his executor died without having proved it.—*Held*, that the court could, on the application of one of the defendants, revive the suit as against the other defendants, without any representative of the tenant for life, but without prejudice to any subsequent intervention by such representative (*Hayward* v. *Pile, L. R. (7 Ch.) 634*).

There can be no general account or administration of an estate, on the

Lothrop's Case.

application of a limited administration (*Croft* v. *Waterton, 13 Sim. 653*); nor can such administrator represent any other interest of the estate in the litigation (*Moores* v. *Choat, 8 Sim. 508; Hodgens* v. *Hodgens, Ir. L. R. (10 Eq.) 4; Case* v. *Cork, 2 Y. & C. 130; Ellice* v. *Goodson, 2 Coll. 4; Clough* v. *Dixon, 10 Sim. 564*).

On the hearing of a petition relating to the disposition of a trust fund, it appeared that A. had an interest in it which might be asserted. A. died in the United States, having appointed as his executor B., who proved the will there, but not in England. Counsel appeared for B. at the hearing.—*Held*, that the court had power to appoint such counsel to represent B.'s interest (*Hewiston* v. *Todhunter, 15 E. L. & Eq. 356*).

The death of a married woman had been caused by negligence, and her husband, a mariner, was abroad and not expected to return within the time limited for bringing an action to recover damages, whereupon letters limited to bringing such action were granted to decedent's mother (*Williams's Case, 31 L. J. P. 40;* see *Illinois Cent. R. R.* v. *Cragin, 71 Ill. 177; Jeff. R. R.* v. *Swayne, 26 Ind. 477*).

The grant can only be made where the litigation is pending (*Gordon's Case, Ir. L. R. (1 Eq. 179*); and not for an amount exceeding the applicant's claim (*Fleming's Case, 8 Ir. Jur. (N. S.) 89*).

In Tennessee, the county courts may grant administration limited to a single act, such as the revival and prosecution of a judgment recovered by the decedent (*McNairy* v. *Bell, 6 Yerg. 302*).

A native of Texas, having no other property in Tennessee, instituted a suit there against his brother and others, and pending such suit died.—*Held*, that the court had authority to appoint a third person to carry on the suit against the wishes of such brother, and that such appointment did not, in a proper case, prevent the granting of general administration (*Jordan* v. *Polk, 1 Sneed 430;* also *Vaughan's Case, Ir. L. R. (10 Eq.) 1; Robinson* v. *Bell, 1 De G. & Sm. 630.* See, also, *Alexander* v. *Barfield, 6 Tex. 400; Yarborough* v. *Harris, 3 Dev. 40; Smiley* v. *Bell, Mart. & Yerg. 378; Code of Ala. ₹ 2625; Russell* v. *Umphlett, 27 Ark. 339; Ewing* v. *Moses, 50 Ga. 264; Ellis* v. *Deane, Beat. 15; Saunders* v. *Dunman, L. R. (11 P. Div.) 325*).—Rep.