No. 720.

RAINS ET AL. v. BOLIN.

PLEADING.—*Complaint.*—*Sufficiency of.*—*Promissory Note.*—*Signing in Firm Name.*—In an action on a promissory note which was executed in the firm name and style of "Rains & Murray," the complaint sufficiently connects the defendants, Levi Rains and John H. Murray, with the execution of the note, when it alleges, among other things, that the defendants were partners engaged in business under the firm name of "Rains & Murray," and borrowed the money from the plaintiff, and executed their note therefor.

SAME.—*Set-Off.*—*When not Proper.*—An answer by way of set-off to an action on a promissory note was not sufficient, which alleged, in substance, that the defendants had loaned the plaintiff's deceased husband a sum of money, by draft payable in thirty days after sight, which, after the death of her husband, she had cashed at the bank where payable, and the amount thereof was charged to defendants, which they paid to the bank, such claim was not a matter of set-off against the plaintiff.

APPEAL.—*Bill of Exceptions.*—*Record.*—*Matter not Brought in.*—Where a motion for a continuance was overruled and excepted to, and time given to file a bill of exceptions, and no bill was ever filed, the affidavit and motion was not properly brought into the record.

From the Marion Superior Court.

*G. W. Spahr,* for appellants.

*H. J. Milligan,* for appellee.

LOTZ, J.—The appellee sued the appellants on a promissory note and recovered judgment in the court below. The errors assigned in this court are five in number, but only three are discussed by appellants' counsel. They are, the overruling of the demurrer to the complaint; the sustaining of the demurrer to the third paragraph of the answer; and the overruling of the motion for a new trial. We will consider these in their order.

The complaint alleges that the defendants were engaged in business under the firm name and style of "Rains and Murray," and borrowed from the plaintiff the sum of $400,

and executed therefor their promissory note. A copy of the note was set out in the pleading, and was signed "Rains & Murray." Appellants' counsel contend, that it is necessary, to make the complaint good, to aver that the defendants executed the note by the name and style of "Rains and Murray"; that Levi Rains and John H. Murray may be other persons than those composing the firm of Rains & Murray, and that there is no allegation connecting the defendants with the note transaction. This contention can not prevail. The complaint charges that the appellants were partners engaged in business under the firm name and style of Rains and Murray, and that they borrowed money from the plaintiff and executed their note therefor. This sufficiently shows that the note was executed by the defendants in their firm name, and connects them with the note transaction.

The third paragraph of the answer was pleaded as a set-off. In substance it alleges, that the defendants loaned to one John Bolin, the husband of the plaintiff, by draft payable thirty days after sight, $280.90; that said draft was indorsed by said John Bolin, and was by Rains and Murray duly accepted, but that before the maturity of said draft the said John Bolin died, having in his possession said draft; that the plaintiff obtained the possession of said draft, and presented it at the bank where it was payable; that said bank paid her the sum of $280.90 thereon and charged the same to the account of the defendants, and that the defendants paid the amount to said bank. This answer is wholly insufficient. The purpose of making the draft was to obtain money, and the way to obtain it was to present the draft at the bank where it was made payable. It was a matter of no concern to the appellee who presented it for payment. If appellants had loaned to appellee's husband a sum of money and he was indebted to them on account thereof at the time of his death, such claim would not be a proper matter of set-off against the

appellee. She is in no way liable to them on account of the draft transaction.

The only proper cause for which a new trial was asked was the overruling of the appellants' motion for a continuance. The record shows, that the motion for a continuance was overruled; that the appellants excepted, and ten days were given in which to file a bill of exceptions. No bill of exceptions was ever filed. The affidavit and motion were never properly brought into the record. *Black* v. *Daggy*, 13 Ind. 383; *Miles* v. *Buchanan*, 36 Ind. 490; *Colee* v. *State*, 75 Ind. 511; *Norton* v. *State*, 106 Ind. 163.

There is no error in the record.

Judgment affirmed.

Filed February 1, 1893.